[No. 7,279.—Department Two.]
November 2, 1882.

## W. F. NORCROSS v. MATTHEW NUNAN, SHERIFF·-OF THE CITY AND COUNTY OF SAN FRANCISCO. .

JUSTIFICATION OF SHERIFF IN TRESPASS—SALE OF PERSONAL PROPERTY VOID AS AGAINST CREDITORS—ATTACHMENT—EXECUTION—TRESPASS— SHERIFF—VERDICT.—Action for the recovery of personal property, or its value, and damages for its detention. Plaintiff did not claim the delivery of the property to him before judgment. The defendant, Sheriff, justified under a writ of attachment and an execution; the property was not taken from the possession of the plaintiff.

*Held* (*per* MYRICK, J., and MORRISON, C. J., concurring): Conceding that the writ of attachment was inadmissible as evidence because the affidavit for the writ was defective in stating that the amount claimed was due upon either an express or implied contract, the execution, which was valid on its face, and which was offered by the defendant, was admissible in evidence as the basis of the defense that the transfer of the property in controversy from the defendants in the writ to the plaintiff in this action was void as to creditors of such defendants.

ID.—In such case irregularities in the proceedings for the judgment do not prevent the officer from justifying under an execution valid on its face.

ID.—RULE AS TO COURTS OF LIMITED JURISDICTION.—The same rule applies to a Court of limited jurisdiction if the subject-matter of the suit is within that jurisdiction, and nothing appears on the face of the process to show that the person was not also within it.

ID.—VERDICT ERRONEOUS.—The Court instructed the jury to render a verdict for the plaintiff for the property, and to find the value of the property and the damages. The jury found and returned a verdict for the plaintiff for the value of the property and damages, but did not find for the plaintiff for the property.

*Held:* This was error, as under this verdict and the judgment thereon, the defendant could not have elected to deliver the property.

ID.—AFFIDAVIT FOR WRIT OF ATTACHMENT (*per* SHARPSTEIN, J., specially
concurring).—The affidavit for the writ of attachment was sufficient, in-
asmuch as it stated that the indebtedness was "upon a contract for the
direct payment of money, to wit, for labor and services performed for
defendants at their request."

ID.—FICTITIOUS NAMES.—To sustain his defense of justification set up in
his answer, the defendant offered in evidence an affidavit and undertak-
ing on attachment and a writ of attachment in an action entitled *James
Murphy, Plaintiff,* v. *John Doe Gordon and Richard Roe Cory, Defend-
ants,* to which plaintiff objected on the ground that the person alleged
to be indebted to Murphy is a fictitious person. *Held:* This objection
is clearly untenable.

ID.—EXECUTION VALID ON ITS FACE.—The execution offered in evidence
by the defendant appears to be sufficient in form and substance, and it
was error to exclude it.

APPEAL by the defendant from a judgment of the Twenty-
third District Court, in and for the City and County of San
Francisco, and from an order of the Superior Court of said
city and county, denying a motion for a new trial. THORN-
TON, J., of the District Court; WILSON, J., of the Superior
Court.

Action for the recovery of personal property or its value,
and of damages for its detention. The facts are stated in
the opinion of the Court. After decision of this case in de-
partment, a petition for hearing in bank was filed, but the
same was denied.

*M. C. Hassett,* for Appellant.

The verdict returned by the jury is informal, and not suffi-
ciently definite and certain to serve as a basis for a judgment
upon the matters in controversy, and the judgment entered
by the Clerk was without authority. The verdict, if in favor
of plaintiff, should have been for the possession of the prop-
erty (naming it), or the value thereof (naming a certain sum),
in case a delivery could not be had, and damages for the de-
tention. (C. C. P., § 667; *Campbell* v. *Jones,* 38 Cal. 507;
Wells on Replevin, §§ 509, 740, 741, 743, 745, 750, 752.) The
verdict should show that the property belongs to plaintiff.
(*Dowell* v. *Richardson,* 10 Ind. 573; *Hall* v. *Jenness,* 6 Kan.
365.) The verdict is bad if it vary in any substantial mat-
ter from the issues submitted, or if it find only part of the

issues submitted. (*Patterson* v. *United States,* 2 Wheat. 225 ; *Appleton* v. *Barrett,* 22 Wisc. 568; *Smith* v. *Phelps,* 7 id. 211.)

The Court erred in refusing to admit in evidence the writ of attachment against Gordon & Cory, when offered in evidence by the defendant, as a justification for his seizure of the property. (*Babe* v. *Coyne,* 53 Cal. 261; *Walker* v. *Woods,* 15 id. 66; *Amador County* v. *Butterfield,* 51 id. 526; *Stephens* v. *Hallstead,* 58 id. 193; *Bickerstaff* v. *Doub,* 19 id. 109; *Grum* v. *Barney,* 55 id. 254; *Humphreys* v. *Harkey,* id. 283; Freeman on Executions, §§ 101, 102; *Earl* v. *Camp et al.,* 16 Wend. 562; *Deyo* v. *Van Valkenburgh,* 5 Hill, 242; *Gray* v. *Kimball,* 42 Me. 299; *Alexander* v. *Hoyt,* 7 Wend. 89; *Coon* v. *Congden,* 12 id. 496; *Savacool* v. *Boughton,* 5 id. 170; S. C., 21 Am. Dec. 181.)

*J. C. Bates,* for Respondent.

MYRICK, J.:

This was an action for the recovery of personal property or its value, and for damages for its detention. But the plaintiff did not claim the delivery of the property to him before judgment. The defendant, Sheriff, justified under a writ of attachment and an execution.

1. Conceding that the Court below was correct in refusing to admit the writ of attachment in evidence because of the defect in the affidavit in stating that the amount claimed was due on a contract, without stating whether it was due upon either an express or implied contract, yet the defendant was entitled to have the execution in evidence upon which to base the defense that the transfer of the property from Gordon and Cory to plaintiff was fraudulent and void as to creditors. We think the evidence of the plaintiff clearly shows that the transfer was void as to creditors. (C. C., § 3446.) The Sheriff did not take the property from the possession of plaintiff; and even if there were irregularities in the proceedings for the judgment, such irregularities would not prevent the officer from justifying under an execution valid on its face. There is nothing on the face of the execution to show its invalidity. The rule is fully stated in Freeman on Executions, Section 101 :

"The Sheriff may limit his inquiries to an inspection of the writ. If the writ is issued by the proper officer, in due form, and appears to proceed from a Court competent to exercise jurisdiction over the subject-matter of the suit; to grant the relief granted and enforce it by the writ issued; and there is nothing on the face of the writ showing a want of jurisdiction over the person of the defendant, or showing the writ to be clearly illegal from some other cause, the officer may safely proceed. That from some cause, not shown in the writ, the judgment or writ was irregular or void, will be of no consequence to him. He can justify upon producing the writ. It is therefore immaterial to him that the judgment does not correspond to the writ or that there ever was any such judgment in existence."

The same rule applies to a Court of limited jurisdiction, if the subject-matter of the suit is within that jurisdiction, and nothing appears on the face of the process to show that the person was not also within it. (*Savacool* v. *Boughton*, 5 Wend. 170; S. C., 21 Am. Dec. 181.)

2. The Court instructed the jury to render a verdict for plaintiff for the property, and to find the value of the property and the damages. The jury found the value of the property and the damages, and returned a verdict for the plaintiff for such value and damages, but did not find for the plaintiff for the property. This was error. Under this verdict and the judgment thereon the plaintiff could not have elected to deliver the property.

Judgment and order reversed, and cause remanded for a new trial.

MORRISON, C. J., concurred.

SHARPSTEIN, J., concurring specially:

The defendant by way of justification alleged in his answer that he took and held the property sued for by virtue of an execution issued upon a judgment obtained in a Justices' Court by "one J. Murphy * * * against one Gordon and Cory." To sustain that allegation the defendant offered in evidence an affidavit and undertaking for attachment, and a writ of attachment entitled, "James Murphy, plaintiff, *v.*

John Doe Gordon and Richard Roe Cory, defendants," to the introduction of which the plaintiff's counsel objected "on the ground that the affidavit is insufficient, and that it is a fictitious person who is alleged to be indebted to Murphy and not B. B. Cory and Thomas H. Gordon." The Court sustained the objection and the defendant excepted. The objection does not specify wherein the affidavit is insufficient; but on the argument it was suggested that it did not state whether the indebtedness was upon a contract express or implied. It did state that it was "upon a contract for the direct payment of money, to wit, for labor and services performed for defendants at their request." That appears to be sufficient.

The second ground of objection is clearly untenable. It nowhere appears that John Doe Gordon and Richard Roe Cory were "fictitious persons," or that they were not the Gordon and Cory referred to in the answer.

Defendant next offered in evidence the summons and judgment-roll in the same action. Plaintiff's counsel objected to their introduction "on the ground that the summons is void, and not sufficiently definite to apprise the defendant of the nature of the action, and that the judgment is void.

The objection was sustained and the defendant excepted. The attention of the Court is not directed by the objection to any particular fatal defect in the summons or judgment, and an inspection fails to disclose any such defect in either.

Finally, the defendant offered the execution in evidence, and "the same ruling and objection as last was made by the Court, and exception taken." The execution appears to be sufficient in form and substance, and the ruling of the Court was erroneous. Under the pleadings the evidence offered was clearly admissible, and the Court erred in sustaining the objections to its introduction.

I therefore concur in the judgment.