[No. 8,757. Department Two.—February 17, 1885.]

W. H. B. COLE ET AL., APPELLANTS, *v.* JAMES A. FISHER, RESPONDENT.

JUSTICE'S COURT—PLACE OF TRIAL—SERVICE OF SUMMONS.—An action in a justice's court to recover damages for breach of a contract, may be brought either in the township or city where the contract was to be performed, or in which the defendant resides. If brought in the former place, the summons may be served in the county in which the defendant resides.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The plaintiffs were residents of San Francisco, and the defendant was a justice of the peace in the city of Los Angeles. In 1882, plaintiffs contracted to deliver to Lamborne and Turner, in Los Angeles, certain personal property. For a failure to deliver such property, Lamborne and Turner commenced an action against the plaintiffs before the defendant as justice of the peace in Los Angeles. The summons therein was served in the city and county of San Francisco. The present action was brought to prohibit the justice from proceeding to judgment in the action before him.

*Tyler & Tyler*, for Appellants.

The respondent did not acquire jurisdiction over the persons of appellants by the service of summons in San Francisco. Sections 848 and 849 of the Code of Civil Procedure were repealed by implication, by the amendment of section 106 of such code, in 1880.

*Brunson & Wells*, for Respondent.

SHARPSTEIN, J.—To the general rule that a summons cannot be served out of the county of the justice before whom the action is brought, there are certain exceptions, one of which is, " when an action is brought against a party who has contracted to perform an obligation at a particular place, and resides in a different county, in which case the summons may be served in the county where he resides." (C. C. P., § 848.)

By subdivision 7 of section 832, id., it is provided : " When a person has contracted to perform an obligation at a particular place, and resides in another county, township or city, in the township or city in which such obligation is to be performed, or in which he resides, and the township or city in which the obligation is incurred shall be deemed to be the township or city in which it is to be performed, unless there is a special contract to the contrary."

The plaintiff in the action which the appellant seeks to have the justice prohibited from proceeding in, alleged that the ob-

ligation which constituted the basis of the action was to be performed in Los Angeles—that such was the contract. Such being the fact, it was optional with the plaintiff in the action to bring it in the township or city where the obligation was to be performed, or in which defendant resided.

It is claimed that the action was not brought upon a contract, but to recover damages for the breach of a contract. Still, the contract constituted the basis of the action, and the right of action is one arising out of it.

We discover no repugnancy between the provisions above cited and those contained in section 106, id. Repeals by implication are not favored, and in our opinion there is nothing here to support such an implication.

Judgment affirmed.

THORNTON, J., and MYRICK, J., concurred.