[Sac. No. 1069.  Department One.—January 24, 1905.]

## CHARLES P. NATHAN, Respondent, v. GEORGE E. DIERSSEN, Appellant.

ACTION TO QUIET TITLE—EVIDENCE—STIPULATION AS TO TITLE—SUBSEQUENT TRIAL.—In an action to quiet title, where the parties stipulated prior to the first trial that a deceased person named died seized and possessed of the land in controversy, in the absence of

anything limiting its effect, or any change of issues, the stipulation was available to both parties, and could be used as evidence at any subsequent trial.

ID.—CHANGE OF RULING—DISCRETION.—Where the court at first ruled out the stipulation on a second trial as not binding thereon, it had discretion to change its ruling and admit the stipulation in evidence in favor of the plaintiff against the defendant.

ID.—DEED TO STIPULATED OWNER—ABSENCE OF PRELIMINARY PROOF.— It was not error to admit in evidence a deed from a savings bank to the stipulated owner without preliminary proof that the grantor was possessed of the title when such deed was executed.

ID.—EVIDENCE OF POSSESSION—OCCUPANCY.—The court properly overruled an objection to a question as to who was in possession of the property at a specified time, on the ground that it called for the conclusion of the witness as to legal possession, where there is nothing in the record to show that the witness understood the question as referring to anything but occupancy.

ID.—INVENTORY AND APPRAISEMENT OF ESTATE OF STIPULATED OWNER— IMMATERIAL EVIDENCE.—The inventory and appraisement of the estate of the stipulated owner was not competent to show that in his lifetime he exercised acts of ownership over the property, but was immaterial in view of the other evidence as to his possession and stipulated ownership.

ID.—TITLE OF PLAINTIFF—ADVERSE POSSESSION—BURDEN OF PROOF NOT SUSTAINED.—Where the plaintiff acquired title under the stipulated owner, the burden of proof was upon the defendant to show title by adverse possession and the burden was not sustained, where the defendant did not show payment of all taxes assessed on the land in controversy, and did not protect it by an inclosure within five years, nor show any continuous or uninterrupted possession thereof.

ID.—EVIDENCE OF TITLE—FORECLOSURE OF MORTGAGE—WRIT OF ASSISTANCE—DELIVERY OF POSSESSION.—Where the plaintiff obtained his title from the successor of the stipulated owner by commissioner's deed on foreclosure sale, evidence of the record in the foreclosure action, and the commissioner's deed, and a writ of assistance issued by the court with the return of the sheriff showing the delivery of the property to the plaintiff was admissible to show the title and possession so far as it could then be obtained as against the judgment debtor, but not to show an ouster of the defendants as third parties.

APPEAL from a judgment of the Superior Court of Yolo County.  E. E. Gaddis, Judge.

The facts are stated in the opinion of the court.

A. L. Shinn, and Devlin & Devlin, for Appellant.

Isaac Joseph, and D. E. Alexander, for Respondent.

SHAW, J.—This is an action to quiet title to a strip of land constituting a part of swamp-land surveys numbered 755 and 851, in Yolo County, California. After trial, judgment was given in favor of the plaintiff, and the defendant, within sixty days after its rendition, appealed therefrom, and makes the proceedings on the trial a part of the record by a bill of exceptions. A number of errors are assigned by the appellant, which we will consider in their order.

1. The case was tried before, judgment was given for the defendant, and on appeal to this court the judgment was reversed and the cause remanded for a new trial. (*Nathan* v. *Dierssen*, 134 Cal. 282.) Some time prior to the former trial the plaintiff and defendant entered into a stipulation to the effect that one Herman Huber died seized and possessed of the land in question on February 3, 1889. The material part of the stipulation, so far as the question here raised is concerned, is as follows: "It is stipulated as follows: That the plaintiff and the defendant, George E. Dierssen, hereby admit, and will admit upon the trial of the above-entitled action," that the property was vested as aforesaid. At the beginning of the trial now under review, the plaintiff offered in evidence this stipulation. The court at that time sustained an objection to the stipulation on the ground that it appeared to have been made merely for the purposes of the former trial, and was not binding upon the second trial. The trial was then continued for several weeks, and upon its being resumed the stipulation was again offered, and the court then changed its ruling and allowed the stipulation to be admitted in evidence against the defendant. There was no error in this ruling. There is nothing in the stipulation or in the circumstances under which it was made to show that its operation was intended to be limited to the first trial. The issues on the last trial were substantially the same as when the stipulation was made. In the absence of anything limiting its effect the stipulation was available to both parties and could be used at any subsequent trial. (20 Ency. of Plead. & Prac., 626.) It was within the discretion of the court to vacate its ruling that the stipulation might be withdrawn, and give the plaintiff leave to introduce it as evidence. There was no claim by defendant that any

facts or circumstances existed showing any injustice or hardship to him by reason of the change in the ruling which would make it an abuse of discretion. He offered no evidence to dispute the fact agreed to in the stipulation, and he does not claim that any such evidence could be produced.

2. There was no error in admitting the deed from the Capital Savings Bank to Herman Huber. It having been shown that Herman Huber owned the property, evidence of the deed conveying the same to him was competent, without preliminary proof that the grantor in the deed was possessed of the title at the time it made the conveyance.

3. The following question was asked of a witness: "Who was in possession of this De Grosse ranch in '80?" The objection of the defendant to this question, on the ground that it called for the conclusion of the witness as to the legal possession was properly overruled. It is true that there have been some intimations in some decisions that a question in this form calls for a conclusion of law, and if the word is to be taken as synonymous with seizin, it may be that the answer would involve a conclusion. But witnesses are not supposed to be testifying with the technical accuracy of a lawyer, nor do they usually understand language with such precision. The ordinary meaning of the word "possession" is the same as "occupancy." It is defined as "the act of possessing; a having and holding or retaining of property in one's power or control." (Century Dictionary.) Unless there is something in the form of a question or of the previous questions put to witnesses indicating that the word is used in the narrow sense of seizin, the question is unobjectionable. Nothing of the sort appears in the record in this case.

4. The court allowed the introduction of the inventory and appraisement in the matter of the estate of Herman Huber, deceased, for the purpose of showing that the deceased in his lifetime exercised acts of ownership over the property. We do not think this was competent evidence for that purpose, but in view of the other evidence and the fact there was really no controversy over the question of his ownership, we think the error was immaterial.

5. The evidence does not show that the action was barred by the statute of limitations.

The stipulation that the legal title was in Herman Huber at

his death in 1889, the deed of partition between Herman Louis Huber and Amanda J. Huggins, and the foreclosure deed to plaintiff, were *prima facie* proof that the plaintiff became vested with the legal title. Consequently the action would not be barred unless it appeared that the land had been held and possessed adversely to him for five years before the action was begun, which was on October 18, 1898. (Code Civ. Proc., sec. 321.) Defendant's possession and that of Herman Louis Huber, under whom he claims, was not founded on any written instrument. Hence, in order to prove adverse possession, it must be shown that the successive claimants have paid all taxes levied and assessed on the land, that the possession was continuous and uninterrupted, and either that such possession was protected by a substantial inclosure, or that the land was usually cultivated or improved. (Code Civ. Proc., sec. 325; *Unger* v. *Mooney,* 63 Cal. 586.[1]) Prior to March, 1895, there was no inclosure, nor was the land, except a small portion thereof, cultivated or improved. The testimony of Dierssen, the defendant, who was the only witness as to possession prior to that date, shows that he was not possessed of sufficient knowledge to state whether or not the possession of Herman L. Huber of any part of the land was continuous or uninterrupted from October 18, 1894, to March, 1895. The burden to show adverse possession was on the defendant, and upon this condition of the evidence the court was not bound to find that the action was barred, and its finding that it was not barred is therefore sustained by the evidence.

In order to prove the adverse possession, the defendant must further show either that he had paid all taxes levied and assessed on the land during the preceding five years, or that no valid assessment had been made. He admitted that he had paid no taxes and that there were no assessments other than those paid by plaintiff. He could not prove that there were no valid assessments without introducing in evidence the assessments introduced by plaintiff. Therefore if, in fact, they were void, or did not include all the land, the evidence was not injurious to the defendant, and if they were valid and included any part of the land the defense must have failed as to the part included. The descriptions in the assessments covered the north one hundred and fifty-six acres of the lots.

[1] 49 Am. Rep. 100.

The southern boundary must therefore have been a true east-and-west line, and the evidence shows that this line would have included within the assessments all that portion of the land which the defendant's predecessor, Herman Louis Huber, ever actually occupied. The assessments paid by plaintiff were valid for the land described, and the description includes all of the land in controversy which the defendant could have had title to by adverse possession if he and his predecessors had paid the taxes.

6. The plaintiff obtained his title from the successor of Herman Huber, deceased, by commissioner's deed on foreclosure sale. He introduced in evidence the record in the foreclosure action and the deed of the commissioner therein to the plaintiff, and also a writ of assistance thereafter issued by the court, with the return of the sheriff thereon, showing the delivery of the property to the plaintiff in pursuance of the writ. We cannot perceive that this was error. It was a part of the record of the plaintiff's title showing that he had obtained not only the title but the possession so far as it could be obtained from the judgment-debtor. It was not evidence to show that he had ousted the defendant, and it does not appear that it was received for that purpose, but it was competent to show the complete divestiture and transfer of the title and legal possession of the judgment-debtor.

The judgment is affirmed.

Angellotti, J., and Van Dyke, J., concurred.

Hearing in Bank denied.