[Civ. No. 120.   Third Appellate District.—February 24, 1906.]

## IKE HARRIS, Appellant, v. WALTER B. MORRIS et al., Respondents.

JUDGMENT—DEFAULT—ORDER VACATING—DISCRETION.—Setting aside a default rests very much in the discretion of the trial court, and its action will not be disturbed unless the appellate court is satisfied that the order is so plainly erroneous as to amount to an abuse of discretion, and this discretion must be an impartial one guided and controlled in its exercise by fixed legal principles. It is to be exercised in conformity with the spirit of the law, and in a manner to subserve and not impede or defeat the ends of substantial justice.

ID.—AFFIDAVIT OF MAILING—PUBLICATION OF SUMMONS.—Where an order for the publication of summons directs that a copy of the summons and a copy of the complaint be mailed to each of several defendants, an affidavit of mailing, to the effect that the affiant deposited in the postoffice "a copy of said summons attached to a copy of the complaint," directed to four specified defendants, does not show that such copies were directed to each of the defendants, and is insufficient to confer jurisdiction on the court to render judgment against them by default.

APPEAL from an order of the Superior Court of Fresno County setting aside a default, and from an order setting aside a judgment. George E. Church, Judge.

The facts are stated in the opinion of the court.

A. M. Drew, for Appellant.

George Cosgrave, for Respondents.

BUCKLES, J.—This is an appeal from an order setting aside default of defendants and from the order setting aside the judgment entered in favor of plaintiff and against defendants on May 14, 1904. The suit was to quiet title to certain lots in the city of Fresno and service of summons was by publication and mailing. The judgment by default was rendered May 14, 1904, and on May 25, 1904, the motion to set aside the default and judgment was served on plaintiff's attorney and the same was heard exclusively on affidavits on June 9, 1904, and the motion granted upon condition that defendants pay to plaintiff the sum of $20 within twenty days from date. The defendants were permitted to and did file an answer on June 9, 1904. Payment of the $20 was tendered and refused. As said by the supreme court in *Bailey* v. *Taaffe,* 29 Cal. 423, setting aside a default rests very much in the discretion of the court below and will not be disturbed unless the appellate court is satisfied that the order is so plainly erroneous as to amount to an abuse of discretion, and this discretion must be an impartial one guided and controlled in its exercise by legal fixed principles. It is to be exercised in conformity with the spirit of the law, and in a manner to subserve and not to impede or defeat the ends of substantial justice. These rules have been followed by our supreme court ever since. Measured, then, by these general rules, should the default have been set aside and the judgment vacated?

The motion was made and heard upon the following grounds: 1. Insufficient service of summons; 2. That the default of defendants was improvidently entered and that no sufficient affidavit for an order of service of summons by publication has been made; 3. That no sufficient return of service is on file; and 4. The further grounds of inadvertence, mistake, surprise and excusable neglect. Taking these up in their order:

The summons was published in compliance with an order made for that purpose, which order was founded upon the affidavit of A. M. Drew, the attorney for plaintiff. As no errors are pointed out in either the affidavit for publication of summons, or the order of the court made thereon, they are held to have been sufficient. The summons was published in the "Fresno Morning Republican," and the affidavit of publication of said summons was made by J. T. Holden, the principal clerk of said newspaper, setting forth apparently all the law required, for the period of sixty days in every issue of said paper during that period. No error in affidavit for publication, order for publication of summons, or the publication itself has been pointed out to us, and we have discovered none. The affidavit made to procure publication of summons set forth that the "defendants reside out of the state of California and cannot, after due diligence, be found therein," and their last known place of residence was the city of Los Angeles, and the order issued on said affidavit "directed that a copy of the summons and complaint in this suit be forthwith deposited in the United States post-office, at the city of Fresno, county of Fresno, state of California, postpaid, directed to the said defendants, and to each of them at their said last known place of residence, to wit, the city of Los Angeles, state of California." The affidavit of A. M. Drew, the attorney for plaintiff, shows: "That forthwith, to wit, on the seventeenth day of February, 1904, and in pursuance of the said order of court he deposited in the United States postoffice at the city of Fresno a copy of said summons attached to a copy of the complaint, directed to Walter B. Morris, Ethel Morris, Anna D. Morris, and Lewis S. Morris, the said defendants, at Los Angeles, county of Los Angeles, state of California, the last known place of residence as aforesaid, and paid the postage thereon in advance." There is much doubt as to whether this evidence shows a compliance with the order. The order required a mailing of copies to each of the defendants, and the proof of mailing does not affirmatively show that a copy was mailed to each. The language is: "A copy of said summons and a copy of the complaint." Does it clearly, or at all, appear from the affidavit that one copy of the summons and one copy of the complaint

were mailed to each of the defendants? The service was not complete unless a copy of the summons and complaint was deposited in the postoffice for each defendant and directed to each. The mailing is as much a part of the service as the publication. For this reason, and a failure of the return to show proper service by mail, the service was not complete on any of the defendants. (*Schart* v. *Schart,* 116 Cal. 93, [47 Pac. 927].) In *Cohn* v. *Kember,* 47 Cal. 144, it is declared that: "In proceedings against an absent defendant upon mere constructive service, the conditions of the statute must be strictly pursued or the judgment cannot be supported upon appeal." (Also *Ricketson* v. *Richardson,* 26 Cal. 149.)

As we have seen, the matter of setting aside a default is very largely in the discretion of the court. If true, as it clearly appears here, that the constructive service attempted was not complete, then the trial court never acquired jurisdiction of the defendants, and the setting aside of the default was not only the exercise of legal discretion in a sound way, but it was the duty of the court, upon the fact appearing that the defendants had not been served either personally or constructively, to set aside the default. Appellant sets forth in his brief many very sound reasons why the default should not be set aside, and which might lead us to different conclusions than the one we have reached did the record show the service by publication to have been complete. But, as the conclusion reached upon this one point compels us to affirm the order setting aside the default and judgment, we see no reason for pursuing the matter further, or announcing any opinion upon other points and the points made by appellant as to want of diligence on the part of defendants, their mistake, surprise, or defense without merits.

The order setting aside the default and judgment is affirmed.

Chipman, P. J., and McLaughlin, J., concurred.