[L. A. No. 2329  In Bank.—January 22, 1910.]

## JAMES L. CRITTENDEN and U. S. OIL AND LAND COMPANY, Appellants, v. SAN FRANCISCO SAVINGS UNION et. al., Respondents.

APPEAL—COSTS ON REVERSAL OR MODIFICATION—DIRECTION FOR COSTS—RULE OF COURT—REMITTITUR.—Under rule 23 of the supreme court, in all cases in which the judgment or order appealed from is reversed or modified, and the order of reversal or modification contains no directions as to the costs of appeal, the clerk should enter upon the record, and insert in the *remittitur,* a judgment that the appellant recover the costs of appeal.

ID.—APPEALS FROM JUDGMENT AND ORDER REFUSING NEW TRIAL—MODIFICATION OF JUDGMENT—AFFIRMANCE OF ORDER REFUSING NEW TRIAL—COSTS ON BOTH APPEALS INSERTED IN REMITTITUR.—Where separate appeals, taken from the judgment and an order denying a motion for a new trial, are submitted together, and the supreme court disposes of them in a single opinion, and without making any direction concerning the costs of appeal, affirms the order denying the motion for a new trial, and remands the cause with directions to modify the judgment, the clerk had no authority to enter upon the record, or insert in the *remittitur* on the appeal from the order, a judgment that the appellant recover the costs of such appeal.  Under rule 23, his power was limited to the entry of judgment for costs only · on the appeal from the judgment.

ID.—STRIKING MEMORANDUM OF COSTS FROM FILES.—If the clerk enters upon the record, and inserts in the *remittitur* on each appeal, a direction that the appellant recover the costs thereof, the trial court errs in striking out the memorandum of costs on appeal filed by the appellant, in connection with the appeal from the judgment.  Any

error, in view of the state of the record, in striking out the memorandum of costs on appeal filed in connection with the appeal from the order, is without injury.

ID.—SALE OF LAND INVOLVED IN ACTIONS PENDING APPEAL—CONSTRUCTION OF WORD "APPELLANTS."—Where pending appeals by different parties from a judgment against them, the land involved in the action was sold in pursuance of the judgment to one of the appellants, after their brief had been filed but before the appeal had come on for hearing, the word "appellants," as used in the opinion of the supreme court and in its judgment modifying the judgment appealed from, and in the *remittitur* awarding costs, will not be construed as applying only to the appellant who had purchased the land.

ID.—ORIGINAL PARTY MAY RECOVER COSTS AFTER SALE.—Where a transferee pending a suit permits it to be prosecuted in the name of the original parties, there is no rule of law that prevents those parties from recovering costs of suit. That is a matter of contract between the two with which the adverse party has no concern.

APPEAL from an order of the Superior Court of Santa Barbara County striking from the files two memoranda of costs. S. E. Crow, Judge.

The facts are stated in the opinion of the court.

Richards & Carrier, and James L. Crittenden, for Appellants.

Canfield & Starbuck, for Respondents.

SHAW, J.—This is an appeal from an order striking from the files two memoranda of costs filed by the appellants herein in the superior court, embracing the alleged costs of certain former appeals to this court.

In the action of *Kate M. Bell and James L. Crittenden* v. *San Francisco Savings Union,* the defendant San Francisco Savings Union, upon a cross-complaint, obtained judgment for the foreclosure and sale of the land which was the subject .of the suit, for the purpose of paying a large sum of money to the San Francisco Savings Union out of the proceeds thereof. Teresa Bell moved for a new trial. So also did Crittenden and the Oil Company. These motions were denied. Crittenden and the Oil Company appealed from the judgment. Teresa Bell also appealed from parts of the judgment, and both of said appeals were presented in one transcript num-

bered L. A. 1913, filed in this court on May 17, 1906. Critten-
den and the Oil Company also appealed from the order deny-
ing their motion for a new trial, and so also did Teresa Bell,
the two appeals last mentioned being embodied in one tran-
script numbered L. A. 1927, filed in this court on June 18,
1906. In this court these appeals were all submitted together
and the opinion disposing of them is reported in 153 Cal. 64,
77, [94 Pac. 225].

The conclusion of that opinion is as follows: "The order
denying both motions for a new trial is affirmed. The cause
is remanded to the lower court, with directions to modify the
judgment by deducting from the amount directed to be paid
to the San Francisco Savings Union the sum of $16,679.85, and
as so modified, the judgment will stand affirmed." Nothing
was said in the opinion, or in the order of modification, con-
cerning the costs of appeal. The appeals from the judgment,
embraced in case No. 1913, were therefore governed by rule
23 of this court providing that "in all cases in which the
judgment or order appealed from is reversed or modified, and
the order of reversal or modification contains no directions
as to the costs of appeal, the clerk will enter upon the record,
and insert in the *remittitur*, a judgment that the appellant
recover the costs of appeal." (144 Cal. xlix, [78 Pac. xi].)

In the attempt to obey this rule, the clerk entered upon the
record and inserted in the *remittitur* in each case, 1927 as well
as 1913, a judgment that the appellant recover costs of appeal.
This, of course, is to be construed as including the plural and
to give costs to all the appellants.

In accordance with these two judgments of the supreme
court, the two appellants filed in the court below two memo-
randa of costs on appeal under section 1034 of the Code of Civil
Procedure, one for $256.85 as the costs in case No. 1913, the
other for $1168.30 as the costs in case No. 1927. The court,
on the respondents' motion, struck both of said memoranda
from the files and from this order the present appeal is taken.

The orders denying a new trial were the only orders pre-
sented for review on the appeals embraced in case No. 1927,
being the appeals from the order denying the motions for a
new trial. That order having been affirmed, the appellants
were not entitled to the costs of those appeals. The appeals
from the judgment were embraced in No. 1913 and under the

rule aforesaid, upon the modification of the judgment, the appellants were entitled to the costs upon that appeal. Teresa. Bell filed no memorandum of costs in either case and her rights and the particulars of her appeal are not involved. The appeal of Crittenden and the Oil Company from the judgment was taken more than sixty days after the rendition of the judgment, and, hence, they could present for review upon that appeal the judgment-roll alone.

Under these circumstances the clerk had no authority or power to enter the judgment in favor of the appellant for costs in case No. 1927. No order having been made by this court, except that manifested by the aforesaid rule, his power was limited by the rule, which authorized him to enter the judgment for costs only in case No. 1913, the appeals from the judgment alone. If this clerical error had been called to the attention of the court the unauthorized judgment would doubtless have been vacated. Now that it is called to our attention an order to that effect will be made.

The order striking from the files the memoranda of costs on appeal No. 1927, from the order denying a new trial, while erroneous upon the record as it stood at that time, was not a legal injury to the appellants, for the judgment then appearing to have been given in that case was itself unauthorized. This error alone would be insufficient to justify a reversal of the order. The appellants were, however, entitled to the costs of appeal from the judgment and it was error to strike that memorandum of the costs in case No. 1913 from the files.

The respondent upon the hearing in the court below filed an affidavit showing that, after the taking of the appeals and filing of the transcript in No. 1913, all the interest of Crittenden and the Oil Company in the lands involved in the action were sold in pursuance of the judgment appealed from, to Teresa Bell as administratrix of the estate of Thomas Bell, deceased, and that a deed was made to her in pursuance of said sale on April 8, 1907. At the latter date the appellants' brief had been filed but the appeal had not been called for hearing in the supreme court. The appellants, Crittenden and the Oil Company, filed no reply brief and did not appear in this court at the time of the hearing. Upon this it is contended by the respondent here that those appellants have no right to recover the costs in case No. 1913. The argument is that, as

they had no interest in the property at the time the appeals were argued or at the time the opinion was filed, the word "appellants" in the opinion and in the judgment and *remittitur* must be construed as applying only to the person or persons who at that time were interested in and were prosecuting the appeals, that is, to Teresa Bell, alone. They further say a transfer, by a party to an action, of his interest in the subject-matter thereof, carries to and vests in the transferrer all interest in the costs theretofore incurred, and hence that these appellants have no right to such costs.

We do not think the manner in which the appeals were presented and the time at which the sale of the interest took place would justify the construction of the word "appellant" contended for by the respondents. As to the other point, it does not appear that there was any substitution of parties and there is nothing to show that the right to those costs was transferred to Teresa Bell, or that these appellants abandoned the appeal. They may have been content to submit it upon their opening brief. Where a transferee pending a suit permits it to be prosecuted in the name of the original parties, there is no rule of law that prevents those parties from recovering costs of suit. That is a matter of contract between the two with which the adverse party has no concern. Furthermore, the judgment of this court as to the costs in Case No. 1913 is still in force and it is binding upon the superior court and upon the parties to the action.

This conclusion, of course, does not prevent the respondents, upon the going down of the *remittitur* upon this appeal, from further contesting the items of costs by showing, if they can, either that they were not incurred or that the items are too large.

For the reasons given the order is reversed, with directions to the court below to strike from the files the memorandum of costs on the appeal in case No. 1927 from the order denying a new trial, and for further proceedings, if any are instituted, to retax the costs of the other appeal. The appellants herein shall recover the costs of this appeal.

Angellotti, J., Sloss, J., Henshaw, J., Lorigan, J., and Melvin, J., concurred.