[Civ. No. 7208.  Third Dist.  Apr. 29, 1946.]

ORVILLE F. CRENSHAW et al., Respondents, v. FRANK
C. SMITH et al., Appellants.

Morgan V. Spicer, W. W. Sanderson and H. R. Whiting for Appellants.

Daniel J. Carlton, Oliver J. Carter and Roy A. Weaver for Respondents.

PEEK, J.—This appeal arises out of a proceeding by the original plaintiff herein, Schuler-Knox Company, a corporation, to quiet title to certain real property located in Siskiyou County and to eject appellants therefrom. Respondents are the successors in interest to the said Schuler-Knox Company. It is the second time the case has been before this court. In our previous decision, which was entitled *Schuler-Knox Co.* v. *Frank C. Smith, et al.*, and is reported in 62 Cal.App.2d 86 [144 P.2d 47], the judgment of the trial court in favor of the plaintiff was reversed, primarily upon the grounds that since the functions of a justice's court are special and limited, nothing is presumed in favor of its jurisdiction, and as plaintiff's action necessarily was predicated upon a judgment rendered by such a court, plaintiff's failure to sustain the burden of proving every fact necessary to confer jurisdiction made reversal necessary.

At the conclusion of the second hearing, the judgment of the trial court was again in favor of plaintiff, and on appeal defendants again urge that the evidence was insufficient to establish the jurisdiction of the justice's court. In addition to that ground, it is further contended that the price for which the property was sold under the execution sale was grossly inadequate; that the trial court erred in failing to find upon the issue that appellants had acquired a prescriptive title to the property; that the trial court further erred in refusing to relieve them of a stipulation made in the prior trial; that additional error was committed in holding that the recorded abstract of judgment constituted a lien on the property; that further error was committed in failing to find that the property was community; and, lastly, that the trial court erred in denying defendants' motion to strike plaintiff's cost bill and in granting plaintiff's motion to compensate costs.

The record of these proceedings discloses the following facts:

On July 15, 1930, plaintiff Schuler-Knox Company obtained a money judgment against defendants and appellants herein in the Justice's Court of Butte Township, Siskiyou County. The action was predicated upon two written contracts for the sale of personal property, signed only by Mrs. Smith but made out in the names of Mr. and Mrs. Smith and carried on the books of the plaintiff in the names of both defendants. The contracts were specifically made payable at Mt. Shasta City, which is located in Butte Township where the original proceeding was instituted. Defendants were served with process

in Mott Township in said county, and upon their failure to appear judgment by default was rendered against them in the sum of $100.95, together with attorney's fees in the sum of $25 and costs of suit in the sum of $6.00.

On August 3, 1931, defendant Anna Clo Smith recorded a declaration of homestead, declaring the land to be worth the sum of $5,000. However, she failed to state in said declaration that Frank C. Smith, her husband, had not previously selected a homestead or that she was claiming the same on behalf of herself and her husband, and for these reasons we held said declaration to be void (62 Cal.App.2d 96, 98).

An abstract of judgment was duly recorded in the office of the county recorder of Siskiyou County on October 28, 1931.

Subsequent to the recordation of said abstract of judgment, to wit, on November 7, 1931, Mrs. Smith, for the second time, recorded a declaration of homestead, in which she properly stated all of the facts required by section 1263 of the Civil Code.

On September 16, 1931, Mrs. Smith filed a petition in bankruptcy in the United States District Court, and thereafter was adjudged a bankrupt. Upon her petition therefor, the court set the homestead apart to her as exempt property.

On September 28, 1933, the constable of Butte Township, Siskiyou County, sold the property, which consisted of ten lots together with the dwelling house and improvements thereon, *en masse* and not in separate parcels, to the Schuler-Knox Company for the unpaid balance of the justice's court judgment in the sum of $105.73.

Mrs. Smith was discharged in bankruptcy on February 19, 1934.

On November 22, 1934, after the time for redemption had expired, the constable conveyed the property by deed to the Schuler-Knox Company, the purchaser at said constable's sale.

Plaintiff's action to quiet title to the property and to recover possession thereof was commenced July 29, 1937. The complaint is in the conventional form, and sets out two causes of action, one based on defendants' claim of some right, title, or interest in the premises, the other based on the wrongful taking and retention of possession of the premises by the defendants.

On August 11, 1937, during the pendency of said action, Frank C. and Anna Clo Smith, for a valuable consideration, sold and conveyed their interests in the property to Nora Kathleen Trapp.

The defendants Smith answered plaintiff's complaint, denying the material allegations thereof and affirmatively alleging their homestead rights, and the adjudication of bankruptcy as a bar to the action.

Nora Kathleen Trapp, who likewise was made a party defendant, separately answered said complaint, denying the material allegations thereof, and also filed a cross-complaint alleging her purchase and ownership of the property as previously mentioned. She further pleaded the other affirmative defenses set up by Mr. and Mrs. Smith.

Plaintiff filed an answer to the cross-complaint, denying the material allegations and interposing defenses in conformity with the complaint.

During all of this time the appellants remained in possession.

At the second trial the plaintiff called Gerald L. Shannon, the present Justice of the Peace of Butte Township, who testified that his immediate predecessor, who was in office at the time of the justice's court action, had died since entry of judgment in that case, and that he (Shannon) had searched for the complaint filed therein but could not find it, nor could he find the docket in the case. Mr. L. N. Lorenzen, the attorney who represented plaintiff in the justice's court action, testified that the complaint was predicated upon and drafted from the two written contracts which were in his possession at that time, and that the total amount of the demand in said complaint was $131.95. Over objection of counsel for defendants a certified copy of the summons was received in evidence. Mr. Richard Callick, Constable at Dunsmuir, California, testified that service of summons on Mr. and Mrs. Smith was made by him near Dunsmuir in Mott Township on June 12, 1930. At the first trial of the superior court action the counsel then representing defendants stipulated that execution had been issued on the justice's court judgment on August 28, 1931. On the second trial, defendants' present counsel objected to the introduction of said stipulation and moved to withdraw the same, but was overruled, and the stipulation was received in evidence. The constable's certificate of sale of the real property and the constable's deed to Schuler-Knox Company were also admitted in evidence over the objections of defendants. Deeds were also introduced showing that the record title to the real property in question was in Mrs. Smith alone at the time of the execution sale. At the former trial it also had been stipulated that Mrs. Smith was the owner of the

property at the time the quiet title action was filed. This stipulation was also received in evidence over objection of defendants.

Thus, it satisfactorily appears that the omissions in the proof of jurisdiction which occasioned the reversal by this court of the first appeal were cured in the present proceedings. ▉ Inasmuch as there was a sufficient showing by the present justice of the peace, and by the attorney who represented the plaintiff when the original action was filed, that the complaint and docket of the case in the justice's court had been lost and that the justice of the peace who presided at the hearing had since died, said plaintiff was entitled to prove the alleged facts by secondary evidence. The written contracts which were introduced in evidence show a balance owing of $100.95, specifically made payable in Butte Township. ▉ These facts, coupled with the further testimony of Mr. Lorenzen that the complaint was predicated upon said contracts and that the total demand, including attorney's fees and costs, was $131.95, sufficiently establish the jurisdiction of the justice's court of Butte County over the subject matter of the action, in accordance with the provisions of sections 112 and 832 of the Code of Civil Procedure as said sections read at the time such jurisdiction was exercised.

Section 112 then provided in part that justices' courts should have jurisdiction as follows:

"2. In those [cities] having a population of less than thirty thousand, said courts shall have original jurisdiction in all cases at law in which the demand, exclusive of interest or the value of the property in controversy, amounts to three hundred dollars or less . . .," while section 832 of the Code of Civil Procedure in part provided that

"Actions in justices' courts must be commenced, and, subject to the right to change the place of trial, as in this chapter provided, must be tried:

. . .

"7. When a person has contracted to perform an obligation at a particular place, and resides in another county, township, or city—in the township or city in which such obligation is to be performed, or in which he resides; and the township or city in which the obligation is incurred is deemed to be the township or city in which it is to be performed, unless there is a special contract in writing to the contrary."

▇ Appellants seek to avoid the force of this rule as to defendant Frank C. Smith, on the ground that because he did not sign the contracts the judgment is void as to him. This contention is without merit, and constitutes nothing more than a collateral attack upon said·judgment. In the contracts "Mr. and Mrs. F. C. Smith" were named as the purchasers of the property in question; and whether Mrs. Smith had the authority to sign for her husband as his agent, or whether otherwise he was liable thereon, was a matter for proof, and one that has been concluded by the judgment thereon.

▇ Once jurisdiction has been established—jurisdiction over the subject matter as shown by the complaint (21 C.J.S., pp. 42 and 122, §§ 33 and 82)—the judgment and subsequent proceedings of a justice's court are entitled to the same degree of immunity from collateral impeachment as those of any other court. (See *Gregory* v. *Bovier*, 77 Cal. 121 [19 P. 232], a suit to quiet title based on a justice's court judgment and execution. See, also, *Norcross* v. *Nunan*, 61 Cal. 640, 643; *Brush* v. *Smith*, 141 Cal. 466, 470 [75 P. 55]; *Guthrie* v. *Carney*, 19 Cal.App. 144, 157 [124 P. 1040].)

▇ Likewise, the proof of service of process was sufficient to establish jurisdiction over the persons of the defendants Smith and each of them. The certified copy of the summons and return shows that Richard Callick, a duly qualified person, "personally served the within summons on Frank C. Smith and Mrs. C. Smith, his wife, defendant named therein, by delivering to said defendants personally, on the said 12th day of June, 1930, in the Township of Mott, County of Siskiyou, State of California, a copy of said summons attached to a copy of the complaint in the action therein named." On the present trial, Callick testified that at the time of the service he was the duly elected constable of Mott Township, that he served on Mr. Frank Smith and Mrs. Smith, in said township, the original of the certified copy of summons that was shown to him. He also testified that said defendants, who were then seated in the courtroom, were the persons he had so served.

A comparable situation was presented in the case of *Cole* v. *Fisher*, 66 Cal. 441, 442-443 [5 P. 915]. There the plaintiffs filed a complaint in a justice's court in Los Angeles County, alleging that the obligation which constituted the basis of the action was to be performed in Los Angeles. Service of process was made upon the defendants in San Francisco. Defendants then sought, by a proceeding in the Superior Court of San

Francisco, to prohibit the justice of the peace in Los Angeles from proceeding to judgment. The Supreme Court, citing subdivision 7 of section 832 of the Code of Civil Procedure, held that by virtue of the provisions in the contract "it was optional with the plaintiff in the action to bring it in the township or city where the obligation was to be performed, or in which the defendant resided."

The other matters urged by appellants to show want of jurisdiction in the justice's court over the persons of defendants are highly technical and disclose, if anything, mere irregularities rather than jurisdictional defects. One of the objections is based on the fact that the return of summons did not specifically state that a copy of the summons was served on each of the defendants, but was so phrased as to permit an inference that only one copy was served on both. Whatever merit might otherwise attach to this contention has been dissipated by the previously noted testimony of the constable who served the process, which testimony was properly admitted (*Jolley* v. *Foltz*, 34 Cal. 321, 326-328). The case of *Harris* v. *Morris*, 3 Cal.App. 151 [84 P. 678], relied upon by appellants in support of this contention, involved a direct attack on the judgment, and is therefore not in point.

A similar objection was raised in the case of *Cardwell* v. *Sabichi*, 59 Cal. 490, where a judgment rendered by the justice's court of Los Angeles Township was attacked as being void for want of jurisdiction over the person of the defendant therein. It was charged that it did not affirmatively appear that the parties had been personally served with summons since the return failed to name the individuals upon whom the service had been made, if any. The Supreme Court, however, overruled this contention, stating that, although the jurisdiction of a justice's court must be made to appear affirmatively, "there is a great difference between an entire lack of jurisdiction and irregularity in obtaining jurisdiction."

Appellants advance still another objection to the sufficiency of the proof of service of process in the justice's court, based on the circumstance that the certified copy of summons shows that it was directed to "Frank C. Smith and Jane Doe Smith, his wife," while the return shows service upon "Frank C. Smith and Mrs. C. Smith, his wife." This contention is likewise without merit, for "it is the *fact* of service and not the *proof* of service which determines the validity or invalidity of a judgment." (*City of Salinas* v. *Luke Kow Lee*, 217 Cal.

252, 254-255 [18 P.2d 335].) As this court stated in *Alpha Stores, Ltd.* v. *You Bet Mining Co.*, 18 Cal.App.2d 249, 251 [63 P.2d 1137], "The law is well settled that a defective return of service of process does not render the judgment void, provided the service was actually made as required by the statute upon the proper person. . . . It is the actual service of process, rather than the mere proof thereof which confers jurisdiction on the court, and an amended affidavit of service may be filed to support the validity of a judgment which is rendered by default." This principle applies likewise to proceedings in justices' courts. (*Allison* v. *Thomas*, 72 Cal. 562, 563-564 [14 P. 309, 1 Am.St.Rep. 89], cited by the Supreme Court in *City of Salinas* v. *Luke Kow Lee, supra*, and involving a variance in names.) In the present case, proof has been made, and it is not questioned, that Mrs. Smith was personally served with a copy of the summons.

Furthermore, as far as the asserted failure to comply with the provisions of section 474 of the Code of Civil Procedure, dealing with fictitious parties, is concerned, it is thoroughly established that such a failure would not render the proceedings void nor deprive the court of jurisdiction. (*Crouch* v. *H. L. Miller & Co.*, 169 Cal. 341 [146 P. 880]; *Brum* v. *Ivins*, 154 Cal. 17 [96 P. 876, 129 Am.St.Rep. 137]; *Baldwin* v. *Morgan*, 50 Cal. 585.) The cases of *Roseborough* v. *Campbell*, 46 Cal.App.2d 257 [115 P.2d 839], and *Flores* v. *Smith*, 47 Cal.App.2d 253 [117 P.2d 712], cited by appellants, do not hold otherwise. Appellants attempt to distinguish the decisions holding that a compliance with said section is not jurisdictional, on the ground that in the instant case the judgment perpetuated the erroneous designation of name and was therefore void. This argument does not aid appellants' case, since the execution and the certificate of sale thereunder conform to the said judgment; and since Anna Clo Smith has identified herself as the execution debtor thereunder, it would be immaterial on this collateral attack whether or not the judgment was irregular. (*Brush* v. *Smith*, 141 Cal. 466, 470 [75 P. 55]; *Seaver* v. *Fitzgerald*, 23 Cal. 85, 86, 93-94.) Because of the defect, the judgment was not, as appellants contend, void. (*Welsh* v. *Kirkpatrick*, 30 Cal. 203, 206-207 [89 Am.Dec. 85].) The language of *Whitwell* v. *Barbier*, 7 Cal. 54, 64, on which appellants rely has been explained in the later case of *Keybers* v. *McComber*, 67 Cal. 395, 396-397 [7 P. 838], where the court, in pointing out the difference

between inferior and superior court proceedings with respect to presumptions and mode of proof, succinctly stated: "It does not follow, however, that the rule of decision differs upon the same facts when ascertained. It is only in the mode of ascertaining them that the distinction exists."

Appellants' next contention contains three charges of error: (1) that the price for which the property was sold was grossly inadequate; (2) that the evidence was insufficient to support the finding of the trial court that the value of the property at the time of the execution sale did not exceed the sum of $105; and (3) that the inadequacy of price, when coupled with the fact that the property had been sold *en masse* and the existence of irregularities in the process and judgment of the justice's court, renders said sale invalid.

In support of their first point, appellants place reliance upon the testimony of the witness Porter, a real estate agent, who stated that in his opinion the property was worth between four and five thousand dollars. It is noticeable, however, that said witness on cross-examination, when asked what the property would be worth in view of alleged statements that defendants would contest the title acquired by any purchaser and base their attack upon the bankruptcy proceedings, replied that he thought such facts would substantially affect the value. He further added: "I was just wondering why a man would buy property that way." His testimony concluded in the following fashion: "Q. What is the value with the strings on it? A. Well I don't know whether a man would want to buy it with strings on it or not. Q. It wouldn't have much, would it? A. No, it wouldn't."

Without regard to the collateral nature of the attack, the showing made by defendants on this ground would be insufficient. (*Rauer* v. *Hertweck,* 175 Cal. 278 [165 P. 946]; *Batini* v. *Ivancich,* 105 Cal.App. 391 [287 P. 523]. And see *Mitchell* v. *Alpha Hardware etc. Co.,* 7 Cal.App.2d 52, 55 [45 P.2d 442].) This was our conclusion on the former trial (62 Cal.App.2d at p. 97).

Defendants' argument on this issue concludes with a reference to a statement in our previous opinion wherein we referred in general to the rule that a court will not hesitate to declare a sale invalid where it clearly appears that the selling price was grossly inadequate and the sale was irregular, or if there is a lack of sufficient evidence to establish jurisdiction. However, it must be noted that in addition we stated therein

that mere inadequacy of consideration "is ordinarily insufficient ground for declaring the sale to be invalid." Therefore, under the cases we have cited on this point, even if we were to assume that the testimony of Porter was sufficient to show inadequacy of consideration, it cannot be held to amount to such a clear showing of a gross inadequacy as to come within the rule enunciated in said cases.

The asserted irregularity of selling the property *en masse* instead of by parcels is not a matter of which we may take cognizance in this proceeding. As the court stated in *Gregory* v. *Bovier, supra,* at page 123 : "Neither was it available for the plaintiff in this collateral action to attack the defendant's title on the ground that the lots of land were sold *en masse,* the period for redemption having passed." In our prior opinion we called attention to this rule, discussing it at some length (62 Cal.App.2d 96).

Furthermore, it is not inappropriate to point out that no evidence was offered nor was argument made to show that the premises were not operated as a unit or that any different price could or would have been obtained had the parcels been sold separately. (*Mitchell* v. *Alpha Hardware etc. Co., supra,* at p. 56; *Batini* v. *Ivancich, supra,* pp. 394-395.)

We have previously determined herein that the jurisdiction of the justice's court was satisfactorily established. No question of fraud has been raised nor have any irregularities, such as would warrant a reversal, been proved, and therefore we must conclude that each phase of this contention of appellant likewise is without merit.

Appellants further argue that, as defendants were in possession of the premises from the date of the original action and a long time prior thereto, to the date of the present action in 1937, they therefore acquired title by prescription or adverse possession. Reference to the sequence of events discloses that the original justice's court action was filed in 1930; the abstract of judgment was filed October 28, 1931; the second and only valid homestead was recorded on November 7, 1931; the property was sold at the constable's sale in September, 1931; the constable's deed was issued in 1934; and in 1937 the present action to quiet title was filed.

It is readily apparent therefrom that, even though it be assumed the recordation of the valid homestead by defendants commenced the running of the prescriptive period in 1931, the acquisition of title by plaintiffs' predecessor in interest would

date from the constable's deed in 1934, which deed, in effect, was from the judgment debtors, or, as stated in *Frink* v. *Roe,* 70 Cal. 296, at 305 [11 P. 820], was "at least equal to that of a quitclaim deed of the same property executed by the debtor on the day of the sale." (See, also, 11 Cal.Jur. 118, § 64.) In other words, it was the constable's deed that conveyed to the original plaintiff all the interest of the defendants in the property sold and became prima facie evidence of said plaintiff's title. (*Hansen* v. *d'Artenay,* 13 Cal.App.2d 293, 297 [57 P.2d 202]. See, also, Code Civ. Proc., § 700.)

A further contention is made by appellants that the court erred in denying their motion to withdraw a stipulation made at the former hearing. It is the general rule that where a stipulation is formally made, as in this case, for the express purpose of relieving the parties from proving a particular fact, to wit, the date of the execution, such stipulation, in the absence of any limitation as to a particular purpose, can be introduced in evidence as proof of the facts admitted at any subsequent trial. (*Nathan* v. *Dierssen,* 146 Cal. 63 [79 P. 739].) That was the situation here.

Appellants next complain that the trial court erred in holding that the abstract of judgment constituted a lien on the premises in question. In support of this contention the same argument is advanced as that set forth in appellants' assignment of error which we have found to be without merit; and for the same reasons we conclude that on this issue appellants' contention is likewise without merit. Furthermore, we stated in our prior opinion, at pages 97 and 98, that

"We are of the opinion the judgment of the justice's court became a lien against the land as provided by section 674 of the Code of Civil Procedure, before a valid homestead was filed, unless the judgment was void for lack of jurisdiction. The homestead was therefore subject to the judgment lien, except that in the subsequent suit to quiet title which was dependent on the validity of that judgment the burden was on the judgment creditor to affirmatively prove that the justice's court had jurisdiction of the subject matter and of the parties involved therein, which it failed to do in this action.

"The judgment of the justice's court was rendered July 15, 1930, but the abstract of judgment creating the lien was not recorded until October 28, 1931. . . .

"That first declaration of homestead therefore did not have the effect of creating a homestead interest in the land superior

to the judgment lien. November 7, 1931, ten days after the abstract of judgment had been recorded, which created a lien provided the judgment was valid, Anna Clo Smith filed another declaration of homestead, for the apparent purpose of supplying and which did supply the fatal omissions in the first declaration. But in the meantime, if the justice's court had jurisdiction, the *judgment lien* became vested. November 2, 1934, the land was sold under execution.'' (Italics added.)

As an additional argument on this phase of the case, appellants urge that the property in controversy was community property and therefore was not liable for the contract obligations of Mrs. Smith. The judgment in question was against both Mr. and Mrs. Smith, and thus became a lien upon the property of either or both of them; and, as we previously concluded, there being no jurisdictional defects in the judgment, said judgment cannot now be attacked collaterally. However, even if this were not the case, the record discloses ample evidence that the real property was the separate property of Mrs. Smith: In the first place, the original deeds by which title was taken were introduced in evidence and showed the same to be in the name of Mrs. Smith alone; secondly, Mr. Smith, while testifying in his own behalf at a former hearing, emphatically denied that he ever had any interest in the property; thirdly, the record reveals that Mrs. Smith, in the bankruptcy proceeding, claimed the property as her own and had it set aside to herself as a homestead.

Finally, appellants urge that the trial court was in error in denying their motion to strike the cost bill and in granting plaintiffs' motion to set off and compensate costs. It appears that the original plaintiff, Schuler-Knox Company, conveyed its interest in the property to Orville F. Crenshaw and Loren A. Davis, and, upon proper motions, the present owners were substituted as plaintiffs in the place of Schuler-Knox Company. The cost bill was filed in the name of the new parties, whereupon defendants moved to strike the memorandum of costs on the ground that said costs had been incurred prior to said substitution. After the determination of the former appeal the appellants filed their cost bill, and after the trial court announced its decision in the second trial they filed a motion to compensate costs, which motion was granted. It has been stated that

''Where the transferee of the subject matter pending a suit permits it to be prosecuted in the name of the original parties,

such parties are entitled to the costs of the suit, in the absence of a contract to the contrary; but where the assignee is permitted to intervene and prosecute the suit, the assignee upon recovering judgment is entitled to costs." (20 C.J.S. p. 351, § 104. See, also, *Crittenden and U. S. Oil and Land Co. v. San Francisco Savings Union,* 157 Cal. 201 [107 P. 103].)

Upon the question of compensating costs, the last cited text authority has stated the rule to be that "a judgment for costs and an indebtedness not reduced to judgment may be set off against each other." (20 C.J.S. p. 675, § 431.)

For the foregoing reasons the judgment is affirmed.

Adams, P. J., and Thompson, J., concurred.

A petition for a rehearing was denied May 27, 1946, and appellants' petition for a hearing by the Supreme Court was denied June 27, 1946. Carter, J., did not participate.