MILAS SMOTHERS

*v.*

JOAB HOLLY.

1. OFFICER—*sale of property exempt from execution.* Where a constable levied upon and sold personal property, selected and claimed by the execution debtor, as exempt from execution, of which the officer had notice, and such execution debtor had at the time, other personal property in his possession, which he failed to produce in lieu of the exempted property, such officer is not liable for the penalty prescribed for selling property exempt from execution.

2. And it is not sufficient to excuse the debtor, from delivering to the officer the other property in his possession, that there was a chattel mortgage thereon, unless he should inform the officer of the condition of the property, in order that he might act advisedly in the premises.

APPEAL from the Circuit Court of Clay county; the Hon. R. S. CANBY, Judge, presiding.

The opinion states the case.

Mr. SILAS L. BRYAN, Mr. B. B. SMITH, and Mr. M. SCHAFFER, for the appellant.

Messrs. TANNER & CASEY, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action brought against a constable, to recover three times the value of a cow, levied on and sold by him under an execution against the plaintiff. The case was tried by the court and judgment given for the plaintiff.

We are of opinion that, in this judgment, the court erred. The plaintiff claimed the cow as exempt, but did not offer to turn out other property. It is in proof that he owned another cow and calf, two horses and a wagon, and had them in his possession. As held by this court in *Cook* v. *Scott*, 1 Gilm.

333, if he desired to claim the cow under the statute, he should have offered to turn out other property. It is said this other property was subject to a chattel mortgage, and it would have been, therefore, improper in him to have offered it to the offi- cer. The mortgage was not produced, and we are not informed what was its amount, or what were its conditions, or whether it was so acknowledged and recorded as to make it a lien paramount to the execution. But, admitting it was, the officer, when he levied on the cow, saw the horses and wagon in plaintiff's possession, and when the latter claimed the cow as exempt, he should have informed the constable of the mort- gage, and thus have given him the opportunity of ascertain- ing whether the lien of the mortgage was paramount to that of his execution. The constable would then have been able to act advisedly. If he had ascertained that the horses and wagon were really subject to a paramount lien, and that the plaintiff could not properly turn them out on the execution, he would probably have surrendered the cow to the claim of the plaintiff. As the plaintiff owned other property, though subject to a lien, and as the officer saw this property in his possession and was not informed of the lien, he committed no wrong in refusing to surrender the cow on the naked demand of the plaintif, made without an offer to turn out other pro- perty, or an explanation of the reason why such offer was not made. On this record, the judgment should have been for the defendant.

*Judgment reversed.*