[No. 9602.   Department One. — August 27, 1885.]

SAMUEL KEYBERS, APPELLANT, *v.* JOHN Mc-
COMBER, RESPONDENT.

67   395
104   492

JUSTICE'S COURT — JUDGMENT — JURISDICTION MUST AFFIRMATIVELY APPEAR. — A Justice's Court is an inferior court, and a party relying upon or claiming any right under its judgments must affirmatively show its jurisdiction.

ID. — SUMMONS — DEFECTIVE STATEMENT IN — VOIDABLE JUDGMENT — DEFAULT. — The summons in an action in a Justice's Court for a trespass on land contained a statement that in case of the defendant's failure to answer, "the plaintiff would take judgment for the amount claimed in the complaint." *Held*, that a judgment by default rendered after a personal service on the defendant was voidable only and could not be collaterally attacked.

EXEMPTION FROM EXECUTION A PERSONAL PRIVILEGE. — Exemption of property from execution is a personal privilege which may be claimed or waived at the option of the debtor.

ID. — HOW AND WHEN MUST BE CLAIMED. — Where a debtor has more property of a particular kind than is exempt from execution, and a writ is levied upon a portion thereof, leaving as much as the law exempts, and thereafter the debtor claims as exempt a portion of the property levied upon. the residue in the hands of the officer being insufficient to satisfy the writ, the debtor to make good his claim of exemption must offer to surrender to the officer the other property of the same general kind subject to execution, or so much as may be necessary to satisfy the writ, and failing to do so he is not entitled to recover against the officer for an unlawful seizure.

APPEAL from a judgment of the Superior Court of Sacramento County.

The facts are stated in the opinion.

*W. H. Beatty,* and *S. C. Denson,* for Appellant.

*A. P. Catlin,* and *W. C. Crosette,* for Respondent.

Searls, C. — This is an action to recover possession of two horses, their harness, and a quantity of wood; or if a delivery thereof cannot be had, the value thereof and damages for detention.

**Defendant** had judgment. The appeal is from this judgment, and the case rests upon the judgment roll.

The demanded property was taken by the defendant as a constable under an execution regular in form and valid on its face, issued from a Justice Court against the property of plaintiff. Plaintiff contends the taking was wrongful, and bases his claim upon two grounds: —

1. That the summons was fatally defective in this: The action was for damages on account of trespass upon land, and the summons, in other respects in due form, instead of a notice as required in such cases by subdivision 5 of section 844 of the Code of Civil Procedure, that if defendant (plaintiff here) failed to answer, the plaintiff would "apply to the court for the relief demanded" contained the notice specified in subdivision 4 of the same section, viz., that in case of failure to answer plaintiff would take judgment for $299, that being the sum claimed in the complaint.

2. That conceding the regularity of the judgment against him, the two horses and their harness were exempt from execution.

*First,* as to the validity of the judgment. A Justice Court is an inferior court, and its jurisdiction must be shown affirmatively by a party relying upon or claiming any right under its judgments. (*Jolley* v. *Foltz,* 34 Cal. 321.) No presumption will be indulged in favor of the jurisdiction of inferior courts. (*King* v. *Randlett,* 33 Cal. 318.)

In Superior Courts, the presumption is in favor of the regularity of their proceedings and of their jurisdiction, and he who challenges either must show affirmatively the grounds of his objection.

It does not follow, however, that the rule of decision differs upon the same facts when ascertained. It is only in the mode of ascertaining them that the distinction exists.

In a *court of record* a given fact is presumed, but when shown by the record not to exist, error is made to appear; in a *Justice Court* the same fact must be proven, or it will be presumed not

to exist, and like error is manifest. It has been said that the "law required courts of special jurisdiction to follow the rules which create and govern them, and that that which in a court of general jurisdiction would be a mere irregularity, would absolutely deprive the former of all jurisdiction." (*Whitwell* v. *Barbier*, 7 Cal. 54.) Similar language may be found in a number of cases, but an examination shows that in most of them it is used to illustrate the doctrine that in courts of record facts not appearing will be presumed to exist, and their non-appearance will be treated as a mere irregularity, while their absence in cases arising in inferior tribunals will be deemed fatal to the validity of the proceedings. If it appears upon the face of the proceedings that a court of record had no jurisdiction, manifestly it must be as fatal to a judgment as would the absence of the same fact in a court of limited jurisdiction.

We are not now referring to the distinctions made in reference to jurisdiction of the subject-matter in different courts, but to the jurisdiction of the person.

The latter in this State is gained in ordinary civil actions in courts of original jurisdiction through the instrumentality of a summons, except in cases of voluntary appearance.

The summons in cases arising in our Superior Courts is in substance the same as those issued from Justice Courts. Each is required to contain the same notice to the defendant, viz., in cases arising on contract for the recovery of money or damages only, that if defendant fails to answer judgment will be taken against him for the sum claimed, stating it. In other actions a notice that unless defendant so appear and answer, the plaintiff will apply to the court for the relief demanded. (Code Civ. Proc. §§ 407, 844.) Jurisdiction of the person of the defendant is gained alike in the Superior and Justice Courts by service of the summons. Against his consent jurisdiction can be gained in no other manner.

The requirements of the summons as to the notice, being the same in both courts, if we are correct in our conception of the principal involved, it necessarily follows that if the error complained of appeared affirmatively upon the record of a Superior Court to the exclusion of every presumption, it should receive precisely the same interpretation as would be given to it in a Justice Court.

In this view of the case the question for decision is, was the judgment of the Justice Court *void* or only *voidable?* That the notice contained in the summons was defective, and that the judgment was erroneous and subject to be set aside by the justice or reversed on appeal is conceded on all hands. It was certainly *voidable.*

Was it void? The summons and complaint were properly served upon defendant; he failed to answer, a trial was had and judgment was rendered against him for $299, the sum demanded in the complaint and specified in the summons. The court had jurisdiction of the subject-matter of the suit, and if the summons is to be deemed as sufficient to give jurisdiction of the person of the defendant, then the judgment being such as the justice had a right to render, though irregular and subject to reversal, was valid and binding until directly attacked, and is not subject to review in this collateral proceeding.

In *State of California* v. *Woodlief*, 2 Cal. 242, the summons required defendant to answer in thirty days instead of forty, as by statute required, and was in other respects defective, and this court held it was insufficient to support a judgment by default. This case, however, came up by a direct appeal from the judgment, and cannot be considered as concluding a case in which the question arises collaterally.

*Porter* v. *Herman*, 8 Cal. 619, is to the same effect, and the question arose in like manner. *People* v. *Weil*, 53 Cal. 253, also came up on appeal, and a like doctrine was maintained. In *Polack* v. *Hunt*, 2 Cal. 193, the summons was defective and the court below permitted it to be amended. On appeal it was urged that the summons did not contain a similar notice to defendant, as that now required by the Code, and that the court gained no jurisdiction. This position was overruled and the action of the court below was approved. In *Ward* v. *Ward*, 59 Cal. 141, the appeal was from an order vacating a judgment by default, entered in an action upon a contract of marriage, and the summons was defective in substantially the same particular as here, and the court say: "We have no doubt that the entry of a judgment by default in the absence of a notice in the summons that in case the defendant failed to appear and answer within the time prescribed by law, the plaintiff would take

judgment for the sum demanded in the complaint, was at least such an irregularity as would justify the court in vacating the judgment."

But from the cases above enumerated we can make but little progress in an inquiry directed solely to the validity of a judgment when collaterally attacked. "While it is advisible in all cases to literally comply with the provisions of the Code, nothing short of a substantial departure therefrom can properly be held to be fatal to a proceeding under it. 'Its provisions and all proceedings under it are to be liberally construed, with a view to effect its objects and to promote justice.'" (*Shinn* v. *Cummins*, 65 Cal. 97.) Such errors as are not prejudicial to parties are to be disregarded everywhere, and those which are prejudicial when committed by a court having jurisdiction to act must be taken advantage of by direct proceedings.

In this case the summons was, save in the one respect, regular. It was served with the complaint. The defendant was thereby apprised of the nature and scope of the action, of the time and place for answer, and the amount or sum of money sought to be recovered.

The summons was, we think, so far regular as to confer jurisdiction of the person of defendant upon the court, and make it a duty of the former to combat the proceedings if he would not be bound by them. It cannot be likened to a case in which there is no service, and in which a defendant may not be aware of the proceedings against him, but is a case of service of an irregular process, which might have been amended, because irregular and not void, or might have been set aside by the court from which it issued, or on an appeal, but which could not be entirely ignored; which was in short *voidable* and not *void*, and therefore the judgment predicated upon it cannot be attacked in this collateral proceeding. The following cases, though not directly in point, have a bearing on the question: *Dorente* v. *Sullivan*, 7 Cal. 279; *Chemung Canal Bank* v. *Judoon*, 4 Seld. 254; *Drake* v. *Duvenick*, 45 Cal. 455; Freeman on Judgments, §§ 126–135; *Sacramento Savings Bank* v. *Spencer*, 53 Cal. 740; *Cloud* v. *El Dorado County*, 12 Cal. 135.

*Second*— As to the exemption of the two horses and their harness.

Plaintiff was a farmer and had eight work horses, besides a number of colts. His sons managed the farm on shares. One of his sons was at Folsom with a four-horse team when defendant, as constable, levied upon and took into possession the two lead horses and their harness, under an execution regular in form and against the property of plaintiff.

On the 16th day of November, 1883, plaintiff served a written notice upon defendant, claiming the two horses and their harness as exempt from execution under subdivision 3 of section 690 of the Code of Civil Procedure. He did not tender defendant any of the other horses, or any property in lieu of the two horses levied upon. Defendant delivered the horses and harness to plaintiff on the 19th of November, 1883, three days after the demand.

Under the third subdivision of section 690 of the Code of Civil Procedure, two horses and their harness of plaintiff, a farmer, were exempt from execution.

This exemption was a personal privilege of plaintiff which he could claim or waive at his pleasure.

Having more horses than the number exempt by law, plaintiff had a right to elect which he claimed as exempt. It was not incumbent upon him to make the election at the date of the levy, for so far as appears, he was not present thereat; but it devolved upon him to do so within a reasonable time after notice of such levy.

This he did, and six days after the levy gave notice to the officer that he claimed the two horses and their harness as exempt from execution.

In the absence of a showing to the contrary, this notice will be deemed to have been in time.

Where the debtor has more of a particular kind of property than is exempt from execution, he may select which he will claim, but in doing so, "according to a preponderance of authorities, the defendant, in claiming the right of selection, must offer to surrender to the officer the other property in his hands subject to execution." (Freeman on Executions, § 212; *Smothers* v. *Holly*, 47 Ill. 331; *Bonnell* v. *Bowman*, 53 Ill. 460.) There would seem to be reason in this requirement.

We should not lose sight of the beneficent objects of the exemption laws, or do or say ought to abridge the rights secured thereby.

On the other hand, the wise provisions of these laws should not be used as a means for unjustly shielding property not exempt from the claims of creditors.

It is quite proper to give the debtor a reasonable time within which to make his selection of that which he will claim; but if he does not do so at the time a levy is made, the opportunities and temptations to dispose of property not levied upon, or place it beyond the pale of the law, and then claim as exempt that which has been taken in execution, becomes great, and if yielded to may result in a fraud upon creditors.

If the exemption is claimed at the time of levy, there being other property of the same kind not claimed, it is reasonable to suppose the officer holding an execution will levy upon that not claimed, and his opportunity to do so should not be abridged by reason of the claims of exemption being asserted at a later date.

We hold, therefore, where, as in this case, the debtor has more property of a particular kind liable to seizure than is exempt from execution, and a writ is levied upon a portion only thereof, leaving as much as is by law exempt, and thereafter the debtor for the first time claims as exempt the property levied upon or a portion thereof, and leaving in the hands of the officer a less quantity than is necessary to satisfy his writ, then, and in that case, the debtor to make good his claim of exemption must offer to surrender to the officer the other property in his hands of the same general kind, subject to execution, or so much thereof as may be necessary to satisfy the writ, and failing to do so, as in this case, he is not entitled to recover against the officer.

We limit the rule as above to cases where the judgment debtor has other property of the particular kind taken, for the reason that the facts of this case do not require us to extend the inquiry to cases where a judgment debtor may have property of a different character subject to execution, and in the consideration of which, questions as to the duty of the debtor to assist the officer of the law in ferreting out his property may arise.

The judgment of the court below should be affirmed.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion the judgment is affirmed.