## YATES v. GRANSBURY.

If a judgment debtor having two wagons, one of which he is entitled to exempt from execution, conceals one, and claims the other as exempt, his selection and claim of the other is fraudulent, and a levy thereon by the sheriff is no ground for recovery under the statute (sec. 34, Gen. St. p. 602) making an officer who levies on exempt property liable in three times the value of the property.

*Appeal from County Court of Boulder County.*

THIS action was brought by the plaintiff to recover three times the value of certain personal property seized by the defendant as deputy-sheriff on execution.   Sec. 34, Gen. St. p. 602, is as follows: "If any officer or other person, by virtue of any execution or other process, or by any right of distress, shall take or seize any of the articles of property hereinbefore exempted from levy and sale, such officer or person shall be liable to the party injured for three times the value of the property illegally taken or seized, to be recovered by action of trespass, with costs of suit."   Section 32 of the same statute exempts from execution, *inter alia*, "one wagon," the property of a head of a family.   Trial to the court, and finding as follows: "That the defendant did, on the 30th day of June, A. D. 1882, unlawfully take possession of a certain wagon belonging to plaintiff, of the value of $100; and the court orders that judgment be entered herein for $300, being three times the value of said wagon."   Judg-

ment against the defendant for $300, and costs. Appeal. The remaining facts sufficiently appear from the opinion.

Mr. GEORGE ROGERS, for appellant.

Messrs. WRIGHT and GIFFIN, for appellee.

ELBERT, J.  The plaintiff Gransbury, at the time of the levy of the execution by the defendant, was the owner of two wagons. The statute exempted but one. He had a right to select which of the two he would retain as exempt from execution; but having selected the one levied upon by the officer, it was his duty, so far as lay in his power, to surrender the other wagon, that the sheriff might levy upon it. Freem. Ex'ns, § 212; *Smothers v. Holly*, 47 Ill. 331; *Bonnell v. Bowman*, 53 Ill. 460; *Robinson v. Myers*, 3 Dana, 441; *Keybers v. McComber*, 7 Pac. Rep. 838. There is no doubt, on the testimony, that the effort of the plaintiff, at the time of the levy, was to retain both wagons by concealing the one, and by claiming the other as exempt under the statute. He refused to give the officer any satisfactory information respecting the whereabouts of the wagon not levied upon. He admitted its ownership, and made no claim that it was not within his reach and entirely under his control. The statute was beneficently intended to protect the judgment debtor in the use and enjoyment of certain specified property, not to protect him in a fraud against the judgment creditor. The plaintiff had a right to select and retain one of the wagons as exempt, but he had no right, either directly or indirectly, to select and retain both. Having concealed one, his selection and demand of the other was fraudulent, and the refusal of the officer to regard it affords no ground for recovery under the statute.

The judgment of the court below is reversed.

*Reversed.*