THE FLORIDA LOAN & TRUST COMPANY, A CORPORATION UNDER THE LAWS OF FLORIDA, APPELLANTS, vs. JOHN D. CRABB AND BETTIE CRABB, HIS WIFE, & S. W. O'BRIEN AND THE BREVARD COUNTY STATE BANK, A CORPORATION UNDER THE LAWS OF FLORIDA, APPELLEES.

1. The concealment or removal beyond the reach of his creditors of a part of his personal property by a defendant in attachment, as a preliminary to claiming his constitutional exemption, will, where the property remains so concealed, be treated as a selection pro tanto by the debtor of his exemption.

2. Real property purchased by a debtor in his wife's name, and paid for with his money which he had placed in her name, or money derived from his business which he carried on in her name, may be subjected in equity to levy and sale in satisfaction of his debts contracted before the property was placed in the wife's name.

3. Property acquired by the wife by gift from the husband before the husband's indebtedness was contracted or contem-

plated, and at a time when he was not in embarrassed circumstances, is not subject to levy for satisfaction of such indebtedness.

This case was decided by Division B .

Appeal from the Circuit Court for Brevard County.

The facts in the case are stated in the opinion of the court.

*Robbins & Graham,* for Appellant;.

*D. L. Gaulden,* for Appellees.

MAXWELL, J.

This cause was referred by the court to its late commissioners for investigation, who reported that the decree of the Circuit Court from which the appeal was taken ought to be reversed.

On July 25th, 1896, appellant sued out a writ of attachment against the appellee John D. Crabb and another, and on August 12th, 1896, levied the writ upon a stock of liquors, bar fixtures, pool tables and horse and buggy of said Crabb, at Cocoa, Florida. Crabb made oath that this was the whole of his personal property and demanded his exemption of $1,000 in personal property, whereupon the property was appraised, its value fixed at $554.40, and the property set aside by the sheriff as exempt from levy and sale. Judgment was recovered in the attachment suit, and after execution returned unsatisfied, appellant filed a bill to subject to its execution the said personal

property of Crabb, and a piece of real estate in Cocoa, Florida, purchasd in the name of the wife of J. D. Crabb in January, 1897.

The facts upon which this relief was asked, as shown by the pleadings and evidence in the case, are that the attachment of appellant was sued out on July 25th, 1896; on July 31st following, the defendant deposited in bank in the name of his wife some $900 cash which he had in hand from his saloon business; on August 12th the writ was levied upon the stock and fixtures belonging to said business, which the next day were released as exempt as above stated, and on the same day, as alleged in the answer of defendants, both the money above mentioned and the property belonging to the said business were turned over to the wife, and the business thereafter conducted in the name of John D. Crabb, agent; the money then on deposit in the wife's name, and not included by Crabb in the list of his property given in, in claiming his exemption, was $952; the wife was to pay $709.65 debts due by the said saloon business from the money and property which she received. The business was thereafter conducted by J. D. Crabb under the name of J. D. Crabb, agent, he spending most of his time in Cocoa where the business was, and his wife continuing to live in Titusville. In January, 1897, the real estate now sought to be subjected to the satisfaction of the execution of complainants which was the property in which the saloon business was conducted, was purchased in the name of Mrs. Crabb for $1,500, $500 of which was paid in cash from the receipts of the said saloon business, and a mortgage given for the remaining $1,000. There is no pretense that the transfer of the money and other property to Mrs. Crabb on August 13th was made otherwise than as a gift, made in order

that the business might be conducted for the benefit of the family; nor is there any pretense that there was any change in the management or conduct of the business by J. D. Crabb after the transfer, except that it was then in his name as agent, and the bank account was in Mrs. Crabb's name, subject to check by him as agent.

The Circuit Court denied the relief prayed and dismissed the bill, from which decree complainant appeals. We think the decree of the court below was erroneous.

As was said by this court in the case of Drucker v. Rosenstein, 19 Fla. 191, "the provisions of the homestead laws should be carried out in the liberal and beneficient spirit in which they were enacted, but at the same time great care should be taken to prevent them from becoming the instruments of fraud."

Under section 2003 of the Revised Statutes, a debtor wishing to claim his exemption "shall point out the whole of his personal property to the officer making the inventory, and shall make affidavit that the inventory made by such officer contains a true and perfect list of all of his personal property."

At the time Crabb was allowed to claim as his exemption the whole of the property levied upon by the sheriff, valued at $554.40, he had $952 in cash in the bank, covered under his wife's name. In the affidavit which he made in claiming his exemption he stated that the list of the property levied upon and which did not include this money was a correct inventory of his personal property at Cocoa, Florida, and in his answer he stated that the money was omitted from the inventory because he did not know, it was personal property.

We think that where after the issuance of a writ of attachment a debtor is shown to have concealed part of his

property or removed it beyond the reach of his creditors, as a preliminary to claiming his exemption from what remains, the proper rule is, where it remains in concealment and undisclosed by the debtor, to treat the property so concealed as a selection *pro tanto* by the debtor of his exemption. Pinkus v. Bamberger, 99 Ala. 266, 13 South. Rep. 578; Bruff v. Stern, 81 N. C. 183; Naumburg v. Hyatt, 24 Fed. Rep. 898; Yates v. Gransbury, 9 Colo. 323, 12 Pac. Rep. 206; Keybers v. McComber, 67 Cal. 395, 7 Pac. Rep. 838; 2 Freeman on Executions, section 212a. Applying this rule to the case at bar, the appellee J. D. Crabb was entitled to only $48 in value as exempt from the goods in the hands of the sheriff, and the remaining $506.40 in value should have been held to be subject to levy and sale.

This rule does not conflict with those authorities which hold that the right to exempt certain chattels specified by statute is not lost by the concealment of other property which is subject to levy. In those cases the property concealed, not being the subject of exemption under the statute, can not be regarded as selected as such exemption, and these courts say that to hold that such fraudulent conduct on the part of the debtor will deprive him of the right to claim as exempt that property which is specifically so declared in the statute, would be to import into the statute a condition which the law-makers have not authorized. Moseley v. Anderson, 40 Miss. 49; Megehe v. Draper, 21 Mo. 510; Elder v. Williams, 16 Nev. 416; Comstock v. Bechtel, 63 Wis. 656, 24 N. W. Rep. 465; Bates v. Callender, 3 Dak. 256, 16 N. W. Rep. 506; Sanborn v. Hamilton, 18 Vt. 590. This does not militate against the rule which we follow, under a constitution which exempts property to a certain value, regardless of

its nature; and the courts of Alabama and Kentucky, in dealing with statutes exempting specific articles from sale, have applied the same rule in holding that where one animal of a certain kind is exempt, a debtor who having several such animals, after levy, conceals one of them or places it beyond the reach of the sheriff, will be presumed to have selected that as his exemption. Ross v. Hannah, 18 Ala. 125; Bray v. Laird, 44 Ala. 295; McGee v. Anderson, 1 B. Monroe 187.

The decree to be rendered is not affected by the fact that at the time the money of Crabb was turned over to his wife his saloon business owed some $700, which was after August 13th paid from this money and the receipts of the business; nor by the fact that part of this indebtedness was for the purchase price of some of the goods seized by the sheriff. A debtor may in selecting his exemption take that property which is least encumbered and most surely exempt from all claims, but he can not exempt enough to enable him to prefer and satisfy purchase money creditors and have his full exemption remaining.

The real estate purchased from Wooten is also sought to be subjected to appellant's execution. The property was purchased some months after the saloon business of Crabb had been transferred to the name of Crabb, agent, and the bank account put in his wife's name, and was bought with the proceeds of the business. If the business was *bona fide* that of the wife, the property so acquired was not subject to payment of the husband's debts, but here no *bona fide* transfer to the wife is shown. After the writ of attachment against Crabb issued, he transferred his money to his wife, and after claiming the rest of his property as exempt "turned over" that to her also, as he

says; the turning over consisting in putting the bank account in her name subject to check by Jno. D. Crabb, agt., and conducting the business as Jno. D. Crabb, agent. The property so turned over was largely in excess of his rightful exemption, and to that extent the transfer was in fraud of his creditors. Crabb continued to conduct the business which was in Cocoa, his wife continuing to reside in Titusville. The business was conducted as a continuation of the old business, the debts of the old business being paid from the property and receipts of the new. Mrs. Crabb, when asked the direct question who bought and paid for the Wooten place, answered "my husband bought it, made a trade for it. My husband has paid for it, what has been paid for it, and give it to me." The whole property and business is that of the husband most flimsily covered by his wife's name, and should be held subject to the payment of his debts. This applies also to the accounts due to the said business, whether contracted before or after the transfer to the wife.

There is not sufficient evidence to show that the household furniture claimed by the wife to have acquired by gift and purchase before complainant's debt was contracted, and at a time when he is not shown to have been in embarrassed circumstances, is subject to execution of complainant.

The decree of the court below should be reversed, and decree entered in conformity with the views here expressed, and it is so ordered.