GARCÍA, PLAINTIFF AND RESPONDENT, v. GARCÍA, DEFENDANT
AND APPELLANT.

APPEAL from the District Court of Mayagüez in an Action'
of Debt.

No. 1331.—Decided July 8, 1915.

SUMMONS—DEFAULT—JUDGMENT—LACHES.—Even when the summons is defective
because of failure to set out the amount for which the plaintiff would take
judgment in case of defendant's default, if the latter is served personally
with the defective summons together with a copy of the complaint; if judg-
ment by default is entered against him and served on him also; · if demand
for payment is made on him by the marshal and refused and certain of his
properties are sold at public auction and deeds of sale are executed, he is
guilty of laches and his action cannot prosper if he has allowed more than
two years to elapse before moving to open the default and set aside the
judgment.

ID.—RETURN OF SERVICE.—When the person making the return of service swears;
that he is of age, as the age of majority in this island is twenty-one years, it
is presumed that he was more than eighteen years old when he served the
summons.

ID.—RETURN OF SERVICE.—Although the statute provides that a literal copy of the
return shall be endorsed on the copy of the summons served, it does not pre-
scribe that compliance with this requisite shall be stated in the return.

DEFAULT—EXCUSABLE NEGLIGENCE—SURPRISE—DISCRETION OF COURT.—A motion
to set aside a judgment by default on the ground of excusable negligence
or surprise is directed to the discretion of the court and unless it is shown
that there was an abuse of such discretion on the part of the lower court.
its decision must stand.

The facts are stated in the opinion.

*Mr. Leopoldo Feliú* for the appellant.

*Mr. Angel A. Vázquez* for the respondent.

MR. JUSTICE ALDREY delivered the opinion of the court.

, On May 11, 1912, Antonio García Sanjurjo brought an
action in the District Court of Mayagüez against Isidro Fer-
nández Sanjurjo for the recovery of $2,000.

Although summoned personally, the defendant failed to
enter an appearance and, on motion of the plaintiff, he was
adjudged in default and the secretary entered judgment
against him for the amount claimed, notice · of which was
given to the defendant, also personally, on June 1, 1912.

A writ of execution having been issued to the marshal, on. January 18, 1913, the said official demanded payment of the defendant and as the payment was not made, on February 17, 1913, he sold certain properties belonging to the debtor at public auction, executing a deed of sale therefor on February 24, 1913.

Matters stood thus until March 31, 1915, when the defendant filed a motion in the court to open the default and set aside the judgment, which motion the court, after hearing the arguments for and against, overruled by its decision of April 12, 1915. From this ruling Isidro Fernández Sanjurjo took the present appeal, which has been argued by briefs.

The appellant based his motion on the following grounds:

1. That the summons issued is null and void because it does not state the amount for which plaintiff would take judgment in case of defendant's default.

2 and 3. That the return of service of the summons is null and void and does not give the court jurisdiction over the person of the defendant, (*a*) because the age of the person serving the summons does not appear therein; (*b*) because it does not appear that a copy of the return was endorsed on the summons said to have been served on the defendant; (*c*) because it does not appear that the summons was served on the defendant personally.

4. That the failure of the defendant to enter appearance was due to excusable negligence.

5. That defendant was surprised by the entry of default and judgment.

Accompanying the motion were an answer to the complaint and an affidavit in which the defendant admits that he was summoned and served with a copy of the complaint on or about May 13, 1912, and says that he did not enter appearance because his physical and mental faculties were greatly enfeebled due to the fact that he is much more than eighty years of age and because he had unlimited confidence in the

plaintiff, who is his nephew and who told him that he need not oppose his claim; that he would find an attorney to defend him, and that he would never injure him in his property; but that when his property was sold in April, 1913, he became convinced that he had been deceived and started to engage an attorney, as he is ignorant of everything relating to judicial proceedings, and that many refused to defend him because he has no property, not even enough to support himself. He further averred that after making a full statement of his case to the attorney who made the motion the said attorney informed him that he had a good defense.

The adverse party also filed an affidavit setting out the following: That at the time the defendant was summoned he enjoyed excellent health and mental vigor; rode on horseback about the city; had various lawsuits and consulted and delivered the copy of the complaint to José Sabater who was his attorney at that time; that plaintiff never promised to get him an attorney because he had one; that defendant always has possessed financial resources in personal property, cattle and horses, and has been in a position to retain the services of an attorney and now has besides a life income of $8.

The summons and the return thereon which gave rise to this appeal read as follows:

"SUMMONS.—The People of Porto Rico to Isidro Fernández Sanjurjo y Skerret, the aforesaid defendant.

"You are notified hereby that the complaint of the above-named plaintiff has been filed in the office of the Secretary of the District Court for the Judicial District of Mayagüez, Porto Rico, in a personal action of debt praying the court to render judgment against you for the sum of $2,000 and the costs of this action, on the grounds more fully set forth in the accompanying copy of the complaint.

"The plaintiff's attorney is Angel A. Vázquez.

"And you are notified that if you fail to appear and answer the complaint within ten days after service, if the summons is served within the district; within twenty days if served out of the district but in the Island of Porto Rico, and within forty days if served

elsewhere, the plaintiff may obtain the judgment prayed for in his complaint.

"Given under my hand and the official seal of the court in Mayagüez this thirteenth day of May, 1912. (Signed) José Basora Mestre, Secretary. (Seal of the court.)

"AFFIDAVIT.—I, Juan Arroyo y Mestre, hereby solemnly swear that I am of age, a *bona fide* citizen of Porto Rico and have no interest in this action; that I received this summons on May 13, 1912, and on the same day at 5.30 p. m. I served the same personally on the defendant, Isidro Fernández Sanjurjo, in the office of Attorney José de Diego y Martínez, on Méndez Vigo Street, Mayagüez, by leaving with him a true and exact copy of said summons, together with copies of the complaint, of the attachment to which the same refers and of this return. (Signed) Juan Arroyo Mestre.

"No. 721. Subscribed and sworn to before me by Juan Arroyo y Mestre, clerk, of age, married, resident of this city, whom I personally know, this fourteenth day of May, 1912. (Signed) Juan Quintero, Notary Public. (Internal revenue stamp.) (Notarial seal.)"

The first ground on which the motion to set aside the judgment was based has been decided by us in a case precisely similar, to wit, *Freiría & Co., Lt'd,* v. *R. Félix, Hermanos & Co.,* 20 P. R. R., 148, in which, after an extensive consideration of the question and of the jurisprudence relating thereto, we arrived at the conclusion that the alleged defect is not of such a nature as to justify holding that the court did not acquire jurisdiction over the person of the defendant and that too long a time had elapsed to permit of the application of section 140 of the Code of Civil Procedure. We refer to the lengthy reasonings adduced in that case and there is no necessity of any additional argument, inasmuch as the only case which the appellant cites is that of *Keybers* v. *McComber,* 67 Cal., 395, which coincides with our opinion in the case of Freiría, *supra.*

As to the reasons set forth in the second and third grounds of the motion, the return shows on its face that the service was made according to law.

It is contended that the return does not state the age of the person who served the summons, or that a copy of the

return was endorsed on the summons delivered, or that the defendant was summoned personally. But Juan Arroyo Mestre swore on May 14, 1912, that he was of age and that he served the summons the day before, and as the age of majority in this island is twenty-one years, it is evident that he was more than eighteen years old when he served the summons. He also swore that he served the summons on Isidro Fernández Sanjurjo personally and that he delivered to him copies of the complaint, of the summons, of the attachment and of the return, thus complying with all the statutory requirements; for although the statute provides that a literal copy of the return shall be endorsed on the copy of the summons, it does not prescribe that compliance with this requisite shall be stated in the return.

Grounds Nos. 4 and 5 are directed to the discretion of the court and it has not been shown that there was abuse of such discretion on the part of the lower court in overruling the motion to set aside the judgment and open the default on the ground of excusable negligence or surprise, for the admission by the court of the affidavit of the plaintiff to disprove the facts alleged in justification of said negligence and surprise, and not the merits of the defense, does not constitute such abuse.

The decision appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.