García, Demandante y Apelado, *v.* García, Demandado y Apelante.

Apelación procedente de la Corte de Distrito de Mayagüez en causa sobre cobro de dinero (apertura de rebeldía).

No. 1331.—Resuelto en julio 8, 1915.

Emplazamiento — Emplazamiento Defectuoso — Advertencia al Demandado Caso de no Comparecer—Acción Tardía.—Aun cuando el emplazamiento librado sea defectuoso por no expresar el requerimiento la cuantía por la cual el demandante habría de obtener sentencia en caso de rebeldía del demandado, si éste es notificado personalmente del emplazamiento defectuoso, con copia de la demanda, se dicta sentencia en su rebeldía que también se le notifica, y posteriormente se le requiere de pago por el márshal, y no habiéndolo efectuado, se venden en pública subasta algunas fincas de su propiedad, otorgándose la correspondiente escritura, y deja transcurrir más de dos años para solicitar se anulara la anotación de rebeldía y la sentencia, su acción es tardía y no puede prevalecer. Véase *Freiría & Co., S. en C., v. R. Félix Hermanos & Co.,* 20 D. P. R., 159.

Id.—Diligenciamiento del Emplazamiento—Mayores de Edad.—Cuando el declarante en el diligenciamiento de un emplazamiento jura que es mayor de edad, como la mayoría de edad comienza a los 21 años en esta isla, la presunción es de que tenía más de 18 años cuando lo cumplimentó.

Id.—Diligenciamiento del Emplazamiento—Copia del Diligenciamiento.—Si bien el estatuto dispone que al dorso de la copia del emplazamiento se haga constar copia literal del diligenciamiento, no ordena que el cumplimiento de este requisito se haga constar en el diligenciamiento del emplazamiento.

Apertura de Rebeldía—Negligencia Excusable o Sorpresa—Discreción Judicial—Abuso de Discreción.—Una moción para que se anule una sentencia en rebeldía y se abra de nuevo el juicio a causa de negligencia excusable

y de sorpresa, se dirige a la discreción de la corte, y a menos que se demues tre que hubo abuso de ella por parte del tribunal inferior, su resolución debe subsistir.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Leopoldo Feliú.*

Abogado del apelado: *Sr. Angel A. Vázquez.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Antonio García Sanjurjo presentó demanda el 11 de mayo de 1912 en el Tribunal de Distrito de Mayagüez contra Isidro Fernández Sanjurjo reclamándole el pago de dos mil pesos.

No habiendo comparecido el demandado, a pesar de haber sido citado personalmente, el demandante solicitó y obtuvo que se anotara su rebeldía y que el secretario registrara sentencia condenatoria por la cantidad reclamada, la que le fué notificada también personalmente el día 1º. de junio de 1912.

Librado mandamiento al márshal para que cumpliese la sentencia, dicho funcionario requirió de pago al demandado en 18 de enero de 1913 y, no habiéndolo efectuado, vendió en pública subasta el 17 de febrero de 1913 algunas fincas del deudor, otorgando la escritura de venta el 24 de febrero de 1913.

Así quedaron las cosas hasta que en 31 de marzo de 1915 el demandado presentó moción al tribunal solicitando que dejara sin efecto la anotación de su rebeldía y anulara la sentencia, petición que después de discutida por las partes, fué negada por el tribunal en resolución de 12 de abril de 1915 contra la cual interpuso Isidro Fernández Sanjurjo el presente recurso de apelación que ha sido discutido por alegatos escritos.

El pelante fundó su moción en lo siguiente:

1º. En que el emplazamiento que se libró es nulo porque en el requerimiento no se expresa la cuantía por la cual el demandante habría de obtener sentencia en caso de rebeldía del demandado.

2°. y 3°. En que la diligencia de notificación del emplazamiento es nula y no confirió jurisdicción a la Corte sobre la persona del demandado : (*a*) porque no aparece de ella la edad de la persona que hizo la notificación; (*b*) que copia de ella se extendiera al dorso de la del emplazamiento que se dice entregado al demandado; (*c*) ni que el emplazamiento se hiciera personalmente al demandado.

4° En que existió negligencia excusable en no comparecer el demandado.

5°. En que la rebeldía y la sentencia se registraron por sorpresa del demandado.

Con esa moción se acompañó una contestación a la demanda y una declaración jurada (*affidavit*) en la que el demandado reconoce que fué notificado y emplazado de la demanda, allá por el día 13 de mayo de 1912 y expone que se vió privado de comparecer porque tenía sus facultades físicas y mentales bastante debilitadas a causa de tener mucho más de ochenta años de edad y por tener entonces confianza ilimitada en el demandante, que es sobrino suyo, quien le manifestó que no tenía porque oponerse a su reclamación; que le buscaría abogado que lo defendiera y que nunca le perjudicaría en sus bienes, pero que cuando en el mes de abril de 1913 le fueron rematados sus bienes, se convenció de que había sido engañado y desde entonces buscó abogado, porque desconoce cuanto se relaciona con procedimientos judiciales, rehusando muchos su defensa porque carece de bienes, aun de los más precisos para librar su subsistencia. También expuso que habiendo hecho una relación total de su caso al abogado que firma la petición, le manifestó que tenía una buena defensa.

La parte contraria también presentó declaración jurada (*affidavit*) comprendiendo los siguientes particulares: que en la época en que el demandado fué emplazado, gozaba de completa salud y potencia mental, paseaba a caballo por la ciudad, sostenía varios pleitos y consultó y entregó la copia de la demanda a Don José Sabater quien entonces era su abogado;

que nunca le hizo ofrecimiento de buscarle abogado, porque lo tenía el demandado, quien siempre ha tenido recursos pecuniarios, bienes muebles, ganado vacuno y caballar y ha estado en condiciones para utilizar los servicios de abogado, teniendo además, ahora, una renta vitalicia de ocho pesos.

El emplazamiento y su diligenciado que dan ocasión a esta apelación, dicen así:

"*Emplazamiento.*—El Pueblo de Puerto Rico a Isidro Fernández Sanjurjo y Skerret o sea al demandado antes mencionado.

"Por la presente se notifica a usted que se ha presentado en la oficina del Secretario de la Corte de Distrito del Distrito Judicial de Mayagüez, Puerto Rico, la demanda del actor antes citado en la cual ejercitando la acción personal en cobro de dinero, pide a la corte dicte sentencia condenando a Vd. a pagar al demandante la suma de dos mil dollars y el importe de las costas de este pleito, por los fundamentos que verá Vd. más detalladamente en la copia de la demanda que se acompaña.

"Es abogado del demandante el Lcdo. Angel A. Vázquez.

"Y se notifica a Vd. que de no comparecer a contestar la demanda dentro de los diez días después de notificado, si la notificación se hiciere en el distrito; dentro de los 20 días, si la notificación se hiciere fuera del distrito, pero dentro de la Isla de Puerto Rico; y dentro de los 40 días, si la notificación se hiciere fuera de la isla, el demandante podrá obtener de la corte el fallo que solicita.

"Dado bajo mi firma y con el sello oficial de la corte, en Mayagüez, a 13 de mayo de 1912. Firmado. José Basora Mestre, secretario. (Sello de la corte.)"

"*Declaración jurada.*—Por la presente yo, Juan Arroyo y Mestre, juro solemnemente que soy mayor de edad y ciudadano *bona fide* de Puerto Rico; que no tengo interés en este asunto; que recibí el presente emplazamiento el día 13 de mayo de 1912, y el mismo día 12 a las cinco y veinte p. m., lo notifiqué personalmente al demandado Don Isidro Fernández Sanjurjo, en el bufete del Licenciado Don José de Diego y Martínez, sita en la calle de Méndez Vigo de Mayagüez, dejando en su poder una copia fiel y exacta de dicho emplazamiento, de la demanda, del aseguramiento de sentencia, al que el mismo se refiere y de la presente diligencia. Firmado: Juan Arroyo Mestre.

"*Número 721.*—Suscrito y jurado ante mí, por Don Juan Arroyo y Mestre, escribiente, mayor de edad, casado, vecino de esta ciudad,

a quien conozco personalmente, hoy 14 de mayo de 1912. Firmado: Juan Quintero, notario público. (Sello de rentas.) (Sello del notario.)"

El primer motivo en que se basó la petición de nulidad, fué resuelto por nosotros en un caso exactamente igual al presente, el de *Freiría & Co.* v. *R. Félix Hermanos & Co.*, 20 D. P. R., 159, en el cual después de un extenso estudio de la cuestión y de la jurisprudencia sobre el particular, llegamos a la conclusión de que el defecto que se alega no es de tal naturaleza que deba concluirse que la corte no adquirió jurisdicción sobre la persona del demandado y que había transcurrido un tiempo demasiado largo para poder hacer aplicación del artículo 140 del Código de Enjuiciamiento Civil. Las consideraciones extensas que entonces se hicieron, las damos por reproducidas ahora sin necesidad de argumentar nada nuevo porque el único caso que el apelante cita en su apoyo, el de *Keybers* v. *McComber,* 67 Cal., 395, concuerda con lo que dijimos en el caso de Freiría, *supra.*

En cuanto a los motivos de nulidad que se alegan en los fundamentos 2°. y 3°. de la moción, basta leer el diligenciamiento del emplazamiento para sostener que la persona que lo practicó cumplió con la ley.

Se sostiene que en ella no se consigna la edad de la persona que lo llevó a efecto, que se extendiera copia del diligenciamiento al dorso de la que se entregó, ni que el demandado fué citado personalmente. Sin embargo, Juan Arroyo Mestre juró en 14 de mayo de 1912 que era mayor de edad y que practicó la citación del emplazamiento el día anterior, y como la mayoría de edad comienza a los veinte y un años en esta isla, es claro que tenía más de 18 años cuando cumplimentó el emplazamiento; también declaró que hizo la notificación personalmente a Don Isidro Fernández Sanjurjo y que le entregó copia de la demanda, del emplazamiento, del aseguramiento de la sentencia y de la diligencia de notificación, cumpliendo así todos los requisitos exigidos por el

estatuto, pues si bien éste dispone que al dorso de la copia del emplazamiento se haga constar copia literal del diligenciamiento, no ordena que el cumplimiento de este requisito se haga constar en la diligencia del emplazamiento.

Los apartados 4°. y 5°. se dirigen a la discreción de la corte, sin que se nos haya demostrado que hubo abuso de ella por parte del tribunal inferior al negar la petición de que se anulara la sentencia y se abriera de nuevo el juicio a causa de negligencia excusable y de sorpresa, pues no es tal el que se admitiera el *affidavit* del demandante para contradecir, no los méritos de la defensa del demandado, sino los hechos que se alegaron para justificar la negligencia y la sorpresa.

La resolución apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.