LIBBY v. BEVERLY.

(Circuit Court of Appeals, Fifth Circuit. January 29, 1920.)

No. 3366.

1. BANKRUPTCY ⬤⇒467—FINDING OF REFEREE AND DISTRICT JUDGE WILL BE FOLLOWED, UNLESS PATENTLY ERRONEOUS.

A finding of the referee in bankruptcy and the District Judge that the bankrupt has not satisfactorily accounted for property received shortly before bankruptcy will be followed, unless patently erroneous.

2. EXEMPTIONS ⬤⇒104—PROPERTY CONCEALED OR WITHHELD FROM CREDITORS MAY BE CHARGED AGAINST EXEMPTIONS.

Under the law of Florida, a debtor's exemptions may be charged with property that he conceals or withholds from his creditors.

3. BANKRUPTCY ⬤⇒396(1)—STATE LAWS REGARDING EXEMPTIONS WILL BE FOL-LOWED.

The bankruptcy court follows the jurisprudence of the state in which it is administering upon the matter of exemptions.

**4. BANKRUPTCY ⊜⇒399(3)—PREFERENTIAL PAYMENT SHOULD NOT BE CHARGED AGAINST EXEMPTION UNLESS CONCEALED.**

Under the Florida law, a preferential payment by a bankrupt of a debt due his wife will not justify a charge of an equal amount against the bankrupt's exemption, unless he conceals such payment, in which case it does justify such charge.

**5. BANKRUPTCY ⊜⇒400(4)—FACTS HELD TO SHOW PURPOSE TO CONCEAL PREFERENTIAL PAYMENT.**

Facts *held* to warrant the District Judge in inferring the purpose on the part of a bankrupt to conceal a preferential payment of a debt to his wife, so as to justify charging the amount of the payment against the bankrupt's exemption.

Appeal from the District Court of the United States for the Southern District of Florida; Rhydon M. Call, Judge.

Bankruptcy proceeding against J. C. Libby, for whom G. S. Beverly was appointed trustee in bankruptcy. From an order (253 Fed. 278) denying a petition for review of an order of the referee, disallowing in part his exemptions, the bankrupt appeals. Affirmed.

L. W. Nelson, of St. Augustine, Fla., for appellant.

W. T. McCaffrey, of Jacksonville, Fla., for appellee.

Before WALKER, Circuit Judge, and GRUBB and CLAYTON, District Judges.

GRUBB, District Judge. This is an appeal from an order of the District Court for the Southern District of Florida, sitting as a court of bankruptcy, which denied a petition filed by the bankrupt for a review of an order of the referee, which disallowed the bankrupt his personal property exemptions, under the statute of Florida, in full. Under the exemption laws of Florida, the bankrupt is entitled to $1,000 in value of personal property, to be selected by him, as exempt to him from the payment of his debts. The Bankruptcy Act (Comp. St. §§ 9585–9656) recognizes this exemption. The referee allowed the bankrupt personal property of the value of $500 as exempt, but denied him the remaining $500 in property of his selection, based upon his finding that the bankrupt had failed to account for moneys received by him shortly before bankruptcy to the extent of between $600 and $700, except by a payment of $300 thereof to his wife 15 days before the filing of his petition. This payment was first disclosed upon the second examination of the bankrupt, at an adjourned creditors' meeting.

[1-4] As to the amount found by the referee and by the District Judge to have been received by the bankrupt shortly before bankruptcy in excess of what he accounted for as having either expended before bankruptcy or having surrendered to the trustee thereafter (excluding for the moment the amount paid his wife), the fact that such an amount was not satisfactorily accounted for is not only justified by the record, but we would follow the finding of the referee and the District Judge in that respect, unless patently erroneous. It is the settled law in Florida that the debtor's exemptions may be charged with property that he concealed or withholds from his creditors at the time of the levy; the concealment of it, or his failure to surrender it, being treated

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

as a selection pro tanto by the debtor of his exemptions. Florida Loan & Trust Co. v. Crabb, 45 Fla. 306, 33 South. 523. The bankruptcy court follows the jurisprudence of the state in which it is administering, upon the matter of exemptions. Cowan v. Burchfield (D. C.) 180 Fed. 614; Bradenburg on Bankruptcy, pages 754, 755.

The purpose of the rule is not to punish the bankrupt for committing fraud or for making preferential transfers, but it rests upon the theory that the unaccounted for assets are still in the possession of the bankrupt at the time of the filing of his petition, and should have been surrendered to his trustee for the benefit of his creditors, and that, if the bankrupt fails to make such surrender, he may be made to do so by the bankrupt court. To avoid circuity, his failure to surrender will be treated as a forced selection of the assets concealed or unaccounted for, as a part of his exemptions. This principle justifies the action of the District Court with reference to the moneys wholly unaccounted for. The amount of $300 paid his wife, shortly before bankruptcy, is in a different attitude. It is conceded that it was paid to liquidate a just debt owing by the bankrupt to his wife. It was an unlawful preference under the Bankruptcy Law, having been made within four months of the filing of the petition, and while the bankrupt was insolvent. That alone would not justify a charge against the bankrupt's exemption in equal amount. The case of Florida Loan & Trust Company v. Crabb et al., supra, holds that the concealment or removal beyond the reach of his creditors of a part of his personal property by a debtor in an attachment as a preliminary to claiming his constitutional exemptions will, where the property remains so concealed, be treated as a selection pro tanto by the debtor of his exemptions.

[5] To bring this case within the Florida rule quoted, it must be made to appear, not only that there was a preferential payment by the bankrupt, but that there was a concealment of the payment by him, so as to endanger the recovery of the preference by the trustee. In that event, the transaction may be treated as analogous to a concealment of the money paid by the bankrupt. Especially is this true of a payment made to a wife, who is under the control of the bankrupt, and from which he is presumed to benefit. In this case the record shows that the bankrupt's books failed to show the payment to his wife, and that he himself did not disclose it, until upon an adjourned hearing he was called upon to account for assets coming into his hands shortly before bankruptcy and not surrendered by him to the trustee, and did so in part by then first testifying to the payment to his wife. It is also in evidence that the bankrupt greatly undervalued his stock, appraising it at approximately the amount he was entitled to claim as exempt, when it was reasonably worth three times the amount of his appraisement. It is also shown that the bankrupt paid his attorney an amount in excess of the fee fixed by rule of court, and that this payment was first disclosed by him upon his examination. Other facts in the record indicate a purpose on the part of the bankrupt not to deal in perfect fairness with his creditors. Taking them all together, we think the District Judge correctly inferred a purpose on the part of the bankrupt to conceal the payment to his wife and thereby prevent the trustee from recov-

ering the amount paid. This would bring the transaction within the rule announced by the court of last resort in Florida, in the case of Florida Loan & Trust Co. v. Crabb, supra, and justify the charge of the amount so paid by the bankrupt to his wife against his personal property exemptions.

As this was what was done in the District Court, its order denying the petition to review referee's order was correct, and it is therefore affirmed.