George J. LONG, Creditor, Appellant,

v.

Homer Clyde HAYSLIP, Individually and
d/b/a Textag Control System,
Bankrupt, Appellee.

No. 15610.

United States Court of Appeals
Fifth Circuit.

Nov. 23, 1955.

Henry M. Hatcher, Jr., and Johnson, Hatcher & Meyerson, Atlanta, Ga., for appellant.

Grace W. Thomas, Atlanta, Ga., for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and BROWN, Circuit Judges.

TUTTLE, Circuit Judge.

This case is related to Hayslip v. Long, 5 Cir., 227 F.2d 550. That case was an appeal from an order denying the bankrupt a discharge. This is an appeal from a judgment of the district court affirming an order of the referee granting the bankrupt a homestead exemption.

The facts essential to the decision and an understanding of this appeal are substantially all contained in the opinion in the other case, and they will not be repeated here. An added fact here is that, aside from the value of the patent and license rights which Hayslip sought to transfer to his wife and son, there was cash amounting to $1409.42 which was available for setting aside as a homestead exemption to the bankrupt if he was entitled to have it so allowed. The Georgia statute provides for a homestead exemption of $1600.00.

The only issue here is whether the attempted conveyance by Hayslip to his wife and son, which a jury in a subsequent civil action in the district court found to be "fraudulent," followed by a statement by Hayslip in his schedule of assets that he had transferred the property to his wife and son for $200 cash and $11,500 past consideration, so offended the Georgia statute dealing with homestead exemptions as to deprive him of his right to an exemption.

The exemption to be allowed in the bankruptcy court is, of course, that

**556**

established by state law.[1] The only provision of the state law that is available to the appellant here under the objection before the referee is found in Section 51–203 of the Georgia Code. The applicable language is:

"* * *' The debtor guilty of wilful fraud in the concealment of part of his property, of which he shall be possessed when he shall seek the benefit of the exemption, shall, on account of his fraud, lose the benefit of such exemption, * *.'"

Both parties discuss in their briefs the question of whether the patent and license rights were property "possessed" by the bankrupt at the time he sought the benefit of exemption.

In our opinion the only part of the Georgia statute that would deprive Hayslip of his exemption, since he seeks his exemption out of property other than that which he conveyed, is the prohibition against wilful fraud in concealment. Assuming that Hayslip was still "possessed" of his patent and license rights, which assumption was rejected by the trial court,[2] nevertheless we must face the question as to whether there was any wilful fraud in the concealment of such property.

It is admitted that there was no attempt to conceal the fact of the conveyance by the bankrupt. He entered it in his schedule as having been conveyed to his wife several months prior to bankruptcy. Appellant bases his contention that there was a concealment on two propositions. First, that the transfer to his wife was a colorable and fictitious transfer, not for full consideration, and second, that the bankrupt alleged in his schedule that the property had been conveyed for a present and past consideration, whereas the referee must take it

as proven that this statement by the bankrupt was false. The only means by which appellant sought to prove these two elements of concealment was by introducing in evidence the judgment and verdict of the jury in the civil action finding the conveyance from Hayslip to his wife and son to be "fraudulent." His theory back of the proof of this judgment and verdict was that it was res judicata, first on the proposition that the conveyance was fictitious and without consideration, and second, on the proposition that the amount of consideration stated in his schedule was in fact not paid. For the reasons pointed out in the discussion of the application of res judicata in the prior case, this proposition will not stand. Appellant himself, in seeking to obtain a jury verdict that the conveyance was fraudulent, urged the jury so to find on three grounds, only one of which involved an absence of consideration. This, of course, left to the jury the right to find the conveyance to be fraudulent without involving any finding either that Hayslip conveyed the property without consideration, or that he swore falsely in his schedule as to the amount of consideration actually paid him for the transfer.

Appellant contended in his petition for review and on this appeal that when the referee decided against him on the principle of res judicata, that he should have been given an opportunity to introduce other evidence to support his objection. The district court found, and we think with ample grounds, that the referee had sufficient reason to construe the discussion with counsel as a waiver of his request that the matter be reopened for further evidence in case his ruling should be adverse to Long. The record discloses that the referee stated that in his

---

1. Libby v. Beverly, 5 Cir., 263 F. 63.

2. The trial court found: "However, it appears to this Court that bankrupt on applying for the exemption was not possessed of the one-half interest in the patent. Had he been so possessed it would have passed after his adjudication to the Trustee in Bankruptcy to be administered as part of the bankrupt estate. That he was not possessed of such property is illustrated by the fact that the Trustee in Bankruptcy was compelled to maintain a plenary action' to recover the same."

opinion the sole matter for him to decide was whether this decree established objector's case of concealment. He then concluded: "I won't go behind that, and I wouldn't think you would want to do it." Whereupon counsel for appellant stated: "No, I wouldn't." He then added: "He has shown in his petition that was for a fair consideration to his wife as set out and testified to in this court." The referee then concluded by saying: "I think I understand the case and the controlling approach, I do not profess to have the answer today. Is there anything else needed to be said?" To which counsel for appellant answered: "Nothing further in this proceeding."

■ It seems clear that whatever tentative request counsel had made for an opportunity to offer further testimony was foreclosed by his concurring in the referee's conclusion that the decision would depend upon his construction of the effect of the civil action judgment.

We find no merit in appellee's motion to dismiss the appeal. No error being shown in the judgment of the district court, it is

Affirmed.

HUTCHESON, Chief Judge (dissenting).

The judgment appealed from and here affirmed was entered on appellant's motion for summary judgment which in turn was based on the theory adopted by the referee and the district judge, that the falsity of the statement in the schedule was proven by the judgment and verdict of the jury in the civil action finding the conveyance by Hayslip to his wife and son to be fraudulent, a theory which we, in the companion case of Hayslip v. Long, 5 Cir., 227 F.2d 550, have held to be erroneous.

Appellant is here insisting not only that he should have had judgment on the basis of that evidence, but that, if that evidence was insufficient, no judgment should have been entered on his motion, against him, but the cause should have been set for trial and heard on its merits.

While I agree with the opinion of the majority, that the evidence was not sufficient to entitle appellant to the summary judgment he prayed, I think it clear that in the posture of these cases it was not competent for the referee and judge to enter a judgment against appellant on the merits without affording him an opportunity to prove his case.

I respectfully dissent.