UNION COMMERCIAL CORPORATION, Plaintiff and Appellee, v. ARTURO ORTIZ-TORO and ELEUTERIO SANTIAGO, Defendants and Appellants.

No. 4011. Argued February 1, 1927.—Decided July 12, 1927.

*Leopoldo Tormes García* for the appellants. *Angel Fiol Negrón and Juan Valdejuli* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

For the second time this case comes to the Supreme Court. At the first trial, after the introduction of the plaintiff's evidence the defendants moved for a nonsuit and the motion was sustained. The plaintiff appealed and this court

reversed the order appealed from. The opinion was delivered by Mr. Justice Aldrey and concludes as follows:

"The admissions of the defendants and the evidence introduced by the plaintiff sufficiently establish prima facie all of the allegations of the complaint; therefore, the court below erred in dismissing the complaint on the merits of the plaintiff's evidence; and it is no obstacle to this conclusion that secondary evidence of the action against O'Sheaf and of the bonds given by the defendants were examined at the trial, inasmuch as the defendants admitted, and it was also proved, that the record of that case was lost." *Union Commercial Corporation* v. *Ortiz et al.*, 34 P.R.R. 211.

The case having been remanded to the district court, a hearing was set for the 26th of October, 1925. The parties duly appeared and the plaintiff moved that the case be tried on the evidence already introduced. The court denied the motion and the case was tried *de novo*. Finally the court rendered judgment for the plaintiff and the defendants took this appeal therefrom.

The first assignment of error is as follows:

"1.—The court erred in overruling the motion to strike out from the fifth averment of the amended complaint the allegations contained therein that the district court of Ponce had approved a memorandum of costs submitted to it in favor of the plaintiff amounting to $111.40."

It is contended not only in assigning the error but in the argument as well that the memorandum had been approved by the district court, when in reality all of the proceedings took place in the municipal court.

This being settled, we will say that the ground of the motion to strike was that by the fifth averment of the complaint it was sought to recover attorney's fees, and municipal courts are not empowered to tax such fees. The answer of the plaintiff was that the complaint did not state that the memorandum included attorney's fees and that in certain cases in which the parties had bound themselves therefor

by a contract, attorney's fees could be recovered in municipal courts, and the court overruled the motion to strike.

We do not see that the court erred. The defendants perhaps might have asked for a specification of the items of the memorandum. In any case there was the trial. The evidence had to be presented and it would be known then whether or not attorney's fees had been included and the question could be raised to be determined by the court in rendering judgment.

The second assignment of error is as follows:

"2.—The court erred in sustaining the motion of the plaintiff to the effect of the admission of allegations one, two, three, five, six. and part of the seventh of the amended complaint, notwithstanding the amended answer filed with leave of the court."

It is true that the complaint was amended by leave of the court, but it was amended only in the prayer so as to pray that the defendants be adjudged to pay legal interest on the claim from the time of filing the complaint. The allegations in question remained unchanged and their truth had been admitted by a stipulation of the parties by their attorneys in the previous trial.

That being so, it cannot be held that the court erred in allowing the introduction in evidence of the previous admissions. Its ruling is supported by the provisions of subdivision 2 of section 35 of the Law of Evidence. Compilation of 1911, p. 279, and jurisprudence on the matter.

"The general rule is that. the admissions made by an attorney in one action are not admissible in a different action between the same parties. But where an absolute and unqualified admission is made in a pending cause, whether by written stipulation of the attorney or as a matter of proof on the hearing, it may be used on a subsequent trial and cannot be retracted, unless by leave of the court on a proper showing of mistake, imposition or surprise." Jones on Evidence, 459–60.

See also *Nathan* v. *Diersen,* 146 Cal. 63.

The third and fourth assignments of error refer to the fact that in the opinion of the appellants exaggerated importance had been given to the testimony of the witness Pérez Mercado and that the judgment is contrary to the evidence and the law.

A reading of the evidence heard in this case and an examination of the various incidents carry to our mind the conviction that the judgment in question is the only one that could have been rendered.

The testimony of attorney Pérez Mercado is so wide and complete that even supposing that the court had committed the second of the errors assigned, it would be in itself sufficient to support the judgment.

The original action of debt dates from the year 1921. Pérez Mercado was attorney for the Union Commercial Corporation. The action was brought against Frank O'Sheaf. An automobile of the defendant was attached and in order to dissolve the attachment the present defendants, Ortiz Toro and Eleuterio Santiago, became sureties. Judgment was rendered for the plaintiff, but it could not be executed on property of the defendant, and then in 1922 this action was brought against the sureties. The bond was lost. Pérez Mercado made private inquiries. Defendant Santiago admitted to him his obligation, but in spite of that the legal controversy went on to such an extent that we are now in 1927 and the plaintiff has not been able to recover its small claim. It may be hard at times to pay a bond, that is, a debt that one did not originally contract, but once an obligation is assumed it is one's clear duty to discharge it.

The rest of the evidence is consistent with the testimony of Pérez Mercado. It is proper to state that he was no longer the attorney for the plaintiff at the time of giving the testimony to which we have referred.

The judgment appealed from must be affirmed.